21662. SEAGO et al. v. RICHMOND COUNTY et al.

CANDLER, Justice. The General Assembly at its 1953 Nov.-Dec. session adopted a resolution (Ga. L. 1953, Nov. Sess., p. 502) proposing to the qualified voters of Richmond County that Article 7, Section 4, Paragraph 1, of the

Constitution of 1945 (*Code* § 2-5701) be amended by adding thereto a new provision giving the board of commissioners of roads and revenues of that county the right and power to assess and collect license fees and taxes from all persons, firms, and corporations maintaining a place or places of business in any area of Richmond County outside the incorporated limits of municipalities; the right and power to license and regulate taxicabs and cars for hire in such unincorporated area; and the right and power to classify businesses and business enterprises, which are not subject to regulation by the State Public Service Commission, and to assess different license fees and taxes against different classes of business. It also provides that the county board of commissioners shall have the right and power to license all businesses and business enterprises in any area of Richmond County outside the incorporated limits of municipalities, in the interest of the welfare of the citizens of the county, and to prescribe rules and regulations concerning the same and to provide that a violation of any license regulation adopted by the board or the failure to pay any license fee or tax prescribed by the board for any business shall constitute a misdemeanor punishable upon conviction thereof by the general laws of this State. Section 2 of the resolution provides for submission of the proposed amendment to all of the qualified voters of Richmond County in the 1954 general election and such section also provides: "All persons voting at said election in favor of adopting said proposed Amendment to the Constitution shall have written or printed on their ballots the words: 'For ratification of Amendment to Art. 7, Sec. 4, Par. 1 of the Constitution authorizing Richmond County to assess and collect license taxes upon businesses in Richmond County and to regulate same.' And all persons opposed to the adoption of said Amendment shall have written or printed on their ballots the words: 'Against ratification of Art. 7, Sec. 4, Par. 1 of the Constitution authorizing Richmond County to assess and collect license taxes upon businesses in Richmond County and to regulate same.'" When the proposed amendment was submitted, 2,296 of the qualified voters of Richmond County voted for it, 1,789 voted against it, and the Governor proclaimed its ratification on

November 2, 1954. Pursuant to the provisions of the amendment, the Board of Commissioners of Roads & Revenues of Richmond County on December 18, 1961, adopted a resolution fixing the amount of license taxes for 1962 to be paid by persons, firms, and corporations doing business in the unincorporated area of Richmond County.

Harvey Seago, a resident of the unincorporated area of Richmond County, a dealer in automobile parts and accessories, and against whom a license tax of $225 had been assessed for 1962, together with 15 others similarly situated, brought an action in their own behalf and in behalf of all others similarly situated against Richmond County and the members of its governing body to enjoin the collection of the license taxes imposed upon them by the purported constitutional amendment of 1954 and the resolution adopted by the county board of commissioners pursuant thereto which fixed the amount of such business taxes for 1962. As amended, their petition alleges several grounds why the relief sought by them should be granted, one of which is that the proposed amendment was never legally submitted to the qualified voters of Richmond County for ratification or rejection, and for that reason it never became a part of the Constitution of 1945. Respecting this, the amended petition alleges that the official ballots furnished to and used by the voters of Richmond County when the proposed amendment was voted on in 1954 read as follows: "For ratification of amendment to Art. 7, Sec. 4, Par. 1 of the Constitution authorizing Richmond County to assess and collect license taxes upon businesses in Richmond County and to regulate same; Against ratification of Art. 7, Sec. 4, Par. 1 of the Constitution authorizing Richmond County to assess and collect license taxes upon businesses in Richmond County and to regulate same." The petition also alleges that the defendants have made a demand on each of the petitioners and others similarly situated for payment of the assessed license tax claimed to be due by each of them for 1962; that March 1, 1962, has been fixed as a "dead-line" for payment of such taxes; and that executions are being issued against all persons affected by the purported amendment and the resolution adopted pursuant thereto; and that such executions will be levied on the prop-

erty of each for the purpose of collecting such taxes. It is further alleged that the defendants are illegally spending large sums of county tax funds to administer the provisions of the purported amendment and the resolution adopted pursuant thereto. It is also alleged that a multiplicity of suits and a circuity of actions will be avoided if a court of equity assumes jurisdiction of this controversy for the purpose of settling it in one action. Besides for process, rule nisi, and service, the prayers are (1) that the purported amendment to Article 7, Section 4, Paragraph 1 of the Constitution of 1945 (*Code* § 2-5701) be declared void and of no force and effect; (2) that the defendants be temporarily and permanently enjoined from collecting the license taxes assessed for 1962 against the petitioners and all others similarly situated; and (3) that the defendants be temporarily and permanently enjoined from spending county tax funds in an effort to enforce the provisions of such purported constitutional amendment and the resolution passed pursuant thereto. Upon an interlocutory hearing, the petition as amended was dismissed on demurrers alleging that (1) the amended petition sets out no cause of action, and (2) there is no equity in the bill, and under the allegations of the amended petition it appears as a matter of law that petitioners and others similarly situated are not entitled to any of the relief for which they pray. The exception is to this judgment. *Held:*

"The general rule is that an amendment to the Constitution does not become effective as such unless it has been duly adopted in accordance with the provisions of the existing Constitution. The procedure and requirements established for the amendment of the fundamental law are mandatory and must be strictly followed, in order to effect a valid amendment. None of the requisite steps may be omitted." 11 Am. Jur. 638, § 32. The judicial department of the government invariably has the right to consider whether the legislative department has observed constitutional requirements in attempting to amend the Constitution and may set aside their acts in case they have not done so. *Hammond v. Clark*, 136 Ga. 313 (71 SE 479); 11 Am. Jur. 639, § 33. Article 13, Section 1, Paragraph 1 of the Constitution of 1945 (*Code* § 2-8101) requires the General Assembly to pro-

vide for submission of any proposed constitutional amendment to the people at the next general election for ratification or rejection. The Constitution of 1877 contained a like provision (Civil Code 1910, § 6610). In *Clements v. Powell,* 155 Ga. 278 (1a) (116 SE 624), which was decided on March 3, 1923, this court unanimously held that Article 13, Section 1, Paragraph 1 of the Constitution of 1877 did not contain any provision for the manner in which the Governor should submit constitutional amendments for ratification or rejection, nor did it prescribe the details relating to the manner of submitting amendments to the qualified voters for ratification or rejection. But section 2 of an act which the legislature passed in 1939 (Ga. L. 1939, p. 305), provides: "When any such amendment to the Constitution is proposed, it shall be the duty of the Governor, in preparing the form of ballot for the next general election, to submit the same to the voters for ratification or rejection. The submission shall be in substantially the following form: 'For ratification of the amendment to Article . . . , Section . . . , Paragraph . . . of the Constitution of Georgia (inserting the nature of the proposed amendment). Against ratification of the amendment to Article . . . , Section . . . , Paragraph . . . , of the Constitution of Georgia (inserting the nature of the proposed amendment).' In so preparing the form of the ballot, the Governor shall use such language as will enable the voters to intelligently pass upon any such proposed amendment and intelligently register their votes concerning the same." And in 16 CJS 56, 57 § 9 (3), the author, citing several cases from other jurisdictions in this country as authority for his pronouncement, says: "The matter printed on the ballot must be sufficient to identify the amendment referred to and to show its character and purpose, and the question as framed on the ballot must not be misleading, or inconsistent with other provisions of the resolution." State ex rel. Thompson v. Winnett, 78 Neb. 379 (110 NW 1113, 10 LRA (NS) 149, 15 AC 781), which is a well reasoned decision, holds that it is not necessary that a proposed constitutional amendment be printed in full on the official ballot, but it is sufficient if enough is printed on it to identify the amendment and show its character and purpose. Respecting the amendment here involved, Section 2 of the resolution and the ballots furnished

the voters of Richmond County when the proposed amendment was voted on stated that the purpose of the proposed amendment was to either authorize Richmond County's board of county commissioners to assess and collect license taxes upon businesses in Richmond County and to regulate the same or to prohibit such. Neither Section 2 of the resolution nor the words printed on the ballots state that the proposed amendment relates only to businesses located in the unincorporated area of Richmond County which are not regulated by the Georgia Public Service Commission. The words employed by the resolution and those printed on the ballots, namely, "to assess and collect license taxes upon businesses in Richmond County and to regulate the same" were, in our opinion, insufficient to enable the voters to intelligently pass upon the proposed amendment and to intelligently register their votes concerning it. From the language used by Section 2 of the resolution and the words printed on the ballots, it seems logical to us that the voters would naturally conclude that the proposed amendment if ratified would authorize the governing body of Richmond County to assess and collect license taxes from all businesses in the county and to regulate all of them. Neither the language of Section 2 of the resolution nor the words printed on the ballots correctly state the real purpose of the proposed amendment and they are, as to other provisions of the resolution, inconsistent, incomplete, and therefore misleading; this being true, the conclusion is inevitable that the voters were not either by the submitting section of the resolution, or by the ballots, intelligently informed concerning the nature, character, scope or purpose of the proposed amendment. Furthermore, neither the resolution adopted by the General Assembly nor the words printed on the official ballots provided for or gave the voters an opportunity to vote against the proposed amendment but only "against ratification of Art. 7, Sec. 4, Par. 1 of the Constitution authorizing Richmond County to assess and collect license taxes upon businesses in Richmond County and to regulate same." In these circumstances, we hold that the proposed amendment was not legally ratified by the voters of Richmond County and that it did not for that reason become a part of the Constitution of 1945. For cases holding

that the Governor's proclamation is not conclusive on the courts as to the validity of constitutional amendments, see *Hammond v. Clark*, 136 Ga. 313, supra; and *Towns v. Suttles*, 208 Ga. 838 (69 SE2d 742).

It is argued in the brief of counsel for defendants in error that the Constitution of this State declares that the General Assembly in the resolution proposing an amendment to the Constitution shall state the language to be used in submitting it. While this is a present provision of Article 13, Section 1, Paragraph 1 of the Constitution, it, however, became such by an amendment thereto, which was ratified on November 6, 1956 (Ga. L. 1956, p. 637), and for that reason is not here applicable. Since the petition shows that the proposed amendment was never legally ratified and that its provisions are being injuriously applied to the petitioners, and others similarly situated, it necessarily follows that the judgment complained of is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1962—DECIDED JUNE 25, 1962—
REHEARING DENIED JULY 11, 1962.

*W. D. Lanier, Lanier, Powell & Cooper, Congdon, Holley & Smith, Wm. P. Congdon, B. H. Barton*, for plaintiffs in error.
*Franklin H. Pierce*, contra.
*Standish Thompson, Harold Sheats*, for parties at interest.