## 24900. PHARR ROAD INVESTMENT COMPANY v. CITY OF ATLANTA.

Argued October 15, 1968—Decided November 7, 1968.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides*, for appellant.

*Henry L. Bowden, Ferrin Y. Mathews*, for appellee.

Undercofler, Justice. Pharr Road Investment Company filed suit against the City of Atlanta seeking to enjoin it from enforcing the provisions of a business and occupation license ordinance approved on July 2, 1968, after this court had declared the prior ordinance of the city which levied and assessed license fees upon businesses and occupations for 1968 unconstitutional and void. *Pharr Road Investment Co. v. City of Atlanta*, 224 Ga. 403 (162 SE2d 333). The petitioner alleges that the defendant has notified it that the provisions of the ordinance of July 2, 1968, will be enforced by requiring that licenses thereunder be obtained by July 25, 1968, and on failure to comply with the ordinance the petitioner will be subjected to the imposition of the penalties provided therein and prosecuted for doing business without a license. The petitioner comes within the provisions of said ordinance and brings this action on behalf of itself and all persons as defined in said ordinance.

The ordinance provides for 8 separate classes of businesses and occupations determined by nationwide averages of ability to pay. As its basis for determining the license fee, the ordinance employs the dual factors of the number of employees and the taxable gross revenue. Both factors are applied in graduations so that as the number of employees or gross revenues becomes larger it places the business in a higher bracket and the license fee is increased, but the increase declines with each higher bracket. The employee factor is applied alike to all classes. The graduations of the revenue factor are alike for all classes, but the license fee rates are progressively higher in each of the 8 classes.

The defendant filed a motion to dismiss and strike the complaint as a whole and each of its several paragraphs because of failure to state a claim upon which relief can be granted. The trial judge sustained the motion on each ground thereof and dismissed the petitioner's complaint. The appeal is from that judgment.

■ The petitioner admits that the City of Atlanta has power under its charter to assess a license tax for regulatory purposes but contends it does not have authority to assess a business license tax for revenue purposes. It maintains that the ordinance under attack levies a revenue producing tax rather than a fee for regulatory purposes and is therefore ultra vires and unlawful.

The charter of the City of Atlanta (Ga. L. 1937, p. 1502; Ga. L. 1963, p. 2296, § 2) provides: "The mayor and board of aldermen shall have full power and authority to require any person, firm, corporation or company engaged in, prosecuting or carrying on, or who may engage in, prosecute or carry on any trade, business, calling, avocation or profession, to register their names and business, calling, avocation or profession annually, and to require such person, company or association to pay for such registration and for license to engage in, prosecute or carry on such business, calling or profession aforesaid, such fee, charge or tax, as said mayor and board of aldermen may deem expedient for the safety, benefit, convenience and advantage of said city. Said tax, registration fee or license herein provided for shall be imposed in the discretion of the mayor and board of aldermen."

This provision is essentially the same charter provision contained in the charter of the City of Atlanta enacted in 1874 (Ga. L. 1874, pp. 116, 122), and as was said in *Peginis v. City of Atlanta*, 132 Ga. 302, 303 (63 SE 857, 135 LRA (NS) 716): "The powers of a municipal corporation are limited to those expressly granted or conferred by necessary implication. The collection of a business tax on occupations which are per se useful and lawful, although the method of doing so is called a license, is quite distinct from the granting of a license, strictly so called, to conduct an occupation of an entirely different character, granted under the power of necessary police regulation and

control of certain pursuits. In the former class the tax or charge is imposed for the purpose of collecting revenue; and although the mode of doing so is frequently called licensing, the real purpose is to enforce the collection of the municipal revenue. . . What has been already said, based on general principles, is made more clear in regard to the City of Atlanta by an examination of the provisions of its charter. (Acts 1874, pp. 116, 122, Code of Atlanta, sec. 64 et seq.). They show on their face a clear line of demarkation between taxes imposed on ordinary useful occupations which are lawful per se, although the mode of collection is termed granting a license, and other occupations of a different character."

Accordingly, we hold that the charter powers granted to the City of Atlanta authorize a revenue producing tax such as enacted by the ordinance in question and is not ultra vires.

■ Petitioner contends that the defendant is attempting to assess an income tax on all businesses and occupations within its territorial limits which power it does not have vested or granted to it by virtue of its charter of incorporation as amended. This contention is without merit. This court has held that "a tax on a business or occupation because measured in part by the number of pieces of property used in said business or occupation, although the pieces of property are subject to ad valorem taxation, is not a tax on property within the meaning of that term." *City of Atlanta v. Georgia Milk Producers Confederation,* 187 Ga. 117, 118 (200 SE 712). By the same reasoning we hold that a business tax measured by gross revenue is not a tax on income. See also *Atlanta Nat. Bldg. & Loan Assn. v. Steward,* 109 Ga. 80 (35 SE 73) and *Mutual Reserve Fund Life Assn. v. City Council of Augusta,* 109 Ga. 73 (35 SE 71), where it was held that a tax measured by the gross receipts of a business is an occupation or business tax.

■ Petitioner contends that Sections 2 (G), (3), Schedule "A" and Schedule "B" (1-8) of the ordinance violate the equal protection of the laws and due process clauses of the State and Federal Constitutions (Art. I, Sec. I, Pars. II and III, Ga. Const. 1945, *Code Ann.* §§ 2-102, 2-103; 14th Amend., U. S. Const., *Code* § 1-815), and the uniform taxation clause of the State

Constitution (Art. VII, Sec. I, Par. III, Const. 1945, *Code Ann.* § 2-5403) because "there is no reasonable basis for differentiating, in the determination of the license fee based on gross receipts, between the businesses and occupations as they are arbitrarily divided into classes . . ." and "in that all businesses in a particular class are not taxed uniformly."

In *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 403, supra, this court held that classifications of businesses in a license tax ordinance which are related to its objective to raise revenue based upon ability to pay and the burdens upon the city in furnishing facilities and protection to the businesses do not violate the uniformity provisions of the Constitution. As was said there, "Irrespective of all theorizing as to what is and what is not a legal basis for classification, which is the only means of avoiding the uniformity mandate of the Constitution, the plain law is that such basis be related to the objective of the ordinance. With this solid premise we can confidently move on to the factual situation upon which the attempted classification is based. Here we find that basis unmistakably to be 'number of employees' and 'taxable gross revenue.' We readily agree that either or both might well be reasonable as such basis. This court has consistently held that where a proper basis for classification exists the law may classify, and uniformity within the classes thus created satisfies the Constitution." *Pharr Road Investment Co. v. City of Atlanta,* supra, p. 405. Therefore, if the objective of the ordinance to raise revenue based upon ability to pay can be measured by either or both gross revenue and number of employees, we see no reason why it cannot be measured by other factors as well. Accordingly, when the ordinance, as it does here, establishes 8 separate classes "the purpose of which is to recognize the ability of businesses to pay as determined by nationwide averages" we cannot say that the ordinance contains no reasonable basis for such classification. Nor can we say that the graduations within the classes are not uniform. Each business within the class pays the same amount on the same gross revenue and the tax is the same to all within that class and bracket. It appears to us that the two factors which classify businesses based on ability to pay and their gross revenue, when

applied correctly, would permit a more determinate and equitable distribution of the tax than either factor alone.

*Pharr Road Investment Co. v. City of Atlanta,* supra, is not authority for a contrary position. In that case the classifications of manufacturing and non-manufacturing were held to be unrelated to the objective of the ordinance. In essence it held that the classifications did not reflect ability to pay, were based on no reasonable criteria, and were arbitrary. The question then is whether there is a proper basis for classification. In this ordinance the classifications are founded on "the ability to pay as determined by nationwide averages." Accordingly, we cannot say that the classification of businesses and occupations in the ordinance under attack here founded on this criterion has no reasonable basis for differentiating, and we hold the contentions of petitioner are without merit.

■ Petitioner contends that Sections 2 (a) and 26 of the ordinance are invalid because they violate the ex post facto provisions of the State and Federal Constitutions (Art. I, Sec. III, Par. II, Ga. Const. 1945, *Code Ann.* § 2-302; Art. I, Sec. X, U. S. Const., *Code* § 1-134) in that the effective date of the ordinance is July 2, 1968, while the portion of the license fee based on gross revenue applies to the gross revenue for the calendar year. This court in *Carroll v. Wright,* 131 Ga. 728, 744 (63 SE 260), held that the provisions of the Act there in question did not violate the retroactive provision of the Constitution of Georgia and held: "The classification of occupations for the purposes of taxation, as made in the Act, not being unreasonable and arbitrary, it was competent for the legislature to enact that a person entering upon the business or occupation upon which the tax provided in this Act had been imposed, by the terms thereof, should pay the amount of the tax named for the year, or for any period of time within the year, during which he should choose to apply for a license. This was a matter in regard to which the lawmaking body was called upon to exercise its collective wisdom and judgment. We do not and should not canvass the question as to whether the conclusion reached by them was authorized by all the facts and circumstances that were presented for their consideration. Under the phraseology

of this Act, it was evidently the purpose and intent of the legislature that all persons entering into and following the business referred to in the Act, after its passage, before the expiration of the year in which it was passed, should pay the amount of the tax specified for the unexpired portion of the year."

Sections 2 (a) and 26 of the ordinance do not violate the constitutional provisions as contended by the petitioner.

■ Petitioner contends that Sections 2 (O) and 13A of the ordinance violate the equal protection and due process clauses of the State and Federal Constitutions (Art. I, Sec. I, Pars. II and III, Ga. Const. 1945, *Code Ann.* §§ 2-102, 2-103; 14th Amend., U. S. Const., *Code* § 1-815) and the uniformity of taxation clause of the State Constitution (Art. VII, Sec. I, Par. III, *Code Ann.* § 2-5403) because Section 13A provides, "Any individual, association, estate or trust holding stocks, bonds, or any other type of securities for personal investment purposes is hereby declared not subject to the provisions of this ordinance provided that the principal occupation of the individual, estate, association, or trust is not the trading, holding, or exchange of stock, bonds, or securities," but Section 2 (O) provides that "Any person shall be deemed to be engaged in business and thus subject to the requirements of this ordinance when real property owned by such person is offered for rent or rented."

Petitioner contends that these provisions of the ordinance are unreasonable, arbitrary, discriminatory, and capricious because a person who is not engaged in business but who invests personal assets in real estate would be subject to the provisions of the ordinance and would have to obtain a license, while an individual who has invested his personal assets in stocks, bonds, and other securities would not be subject to the ordinance. The ordinance treats persons investing in real property, if the same is not offered for rent or rented, the same as persons investing in securities when that is not their principal occupation. Neither is included in the ordinance. However, the renting or offering for rent of real property is deemed a business under the ordinance.

It has been held that, "Certain occupations may be taxed, and others not; but as between the subjects of taxation in the same

class there must be equality. All that the law requires is that classification of persons who are to be exempt shall not be arbitrary and unreasonable." *Featherstone v. Norman,* 170 Ga. 370, 387 (153 SE 58, 70 ALR 449). Real property and intangible property are entirely different. It cannot be said that a person renting or offering for rent real property and one investing in securities must be included in the same classification. They are separate activities subject to separate classification and we cannot say that the exemption of one violates the constitutional provisions set out above as contended by the petitioner.

*Judgment affirmed. All the Justices concur.*