24932. RICHMOND COUNTY BUSINESS ASSOCIATION, INC. et al. v. RICHMOND COUNTY et al.

ARGUED NOVEMBER 13, 1968—DECIDED DECEMBER 5, 1968.

Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier, Harris, Chance & McCracken, Henry T. Chance, for appellants.

Franklin H. Pierce, for appellees.

Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General, amicus curiae.

GRICE, Justice. This appeal involves attacks upon an ordinance of Richmond County purporting to fix "an annual and specific occupation tax and licenses for businesses and professions operating" in that county outside the corporate limits of any city or town. The attacks were made in a complaint filed in the Superior Court of the county by Richmond County Business Association, Inc., and owners of businesses located in the county. Named as defendants were Richmond County and the individuals comprising its Board of Commissioners of Roads and Revenues.

The plaintiffs' complaint alleged, in substance, that the individual plaintiffs are engaged in businesses subject to payment of taxes and licenses under such purported ordinance of the county, claimed to have been adopted on July 12, 1968, affecting businesses and professions in unincorpoated areas of the county. The attacks which they lodged against the ordinance included those relating to place of adoption; adoption by non-

entity governing body; provision for misdemeanor punishment; violation of the equal protection and due process clauses of the State and Federal Constitutions because of exclusion of businesses within incorporated areas; absence of provision for notice, hearing and appeal; imprisonment for debt; unintelligible wording; notice of passage not by signature of governing body; preferential treatment of savings and loan associations; and lack of constitutional or statutory authority to impose an occupation tax. They also assert that the Home Rule Amendment to the Constitution, cited by the defendants as authority for the ordinance, did not become a part of the Constitution due to the insufficient wording of the ballot submitting it to the people for ratification. The complaint alleged that the plaintiffs are in need of relief against property levies and criminal prosecution from attempted collections under said ordinance, and against illegal expenditures of public funds in enforcing such ordinance. The prayers included injunction against attempts to enforce the ordinance, declaration that it is null and void, and general relief.

The defendants in their answer denied the material allegations of the complaint, and asserted that the ordinance is valid. Also, they sought to set up an amendment to the ordinance deleting misdemeanor punishment and providing for hearing and appeal from determination of the amount claimed to be due. The plaintiffs moved to strike these matters, and amended their complaint to challenge the validity of the amendment to the ordinance.

An interlocutory hearing was held in which the essential evidence was not in dispute. Upon its conclusion, the trial court entered judgment dissolving the restraining order previously granted and denying the prayer for temporary injunction.

The appeal is from this judgment and also from the failure to rule on the plaintiffs' motion to strike portions of the defendants' answer, above referred to.

As we view the case, the decisive issue is that as to the county's authority to enact this ordinance.

1. The ordinance, as we appraise it, manifestly attempts to impose a tax, not a mere license fee.

Its caption states that it fixes "an annual and specific occupation tax and licenses for businesses and professions operating" in the unincorporated areas of the county.

The body of the ordinance provides for six separate classes listing several hundred businesses and professions. It sets forth a formula for determining a "license fee" which employs two factors, the number of employees and also the gross revenue of the business. Both of these factors are applied in ascending graduations so that, as they increase, the license fee increases also (except as to named professions whose fees are limited by statute). The "license fee" is defined as "The fixed occupation tax imposed by ordinance for a license to engage in business. . ."

Nowhere in the ordinance are there any provisions that regulate the conduct of the businesses and professions.

The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power. *Morton v. Mayor &c. of Macon,* 111 Ga. 162, 163 (36 SE 627, 50 LRA 485); *Peginis v. City of Atlanta,* 132 Ga. 302, 303 (63 SE 857, 35 LRA (NS) 716); *Publix-Lucas Theatres v. City of Brunswick,* 206 Ga. 206, 212 (56 SE2d 254); 33 AmJur 325, 326, Licenses, § 2; 53 CJS 477, Licenses, § 10 (b).

The ordinance in question, insofar as whether it imposes a tax or license fee, is essentially similar to, and in many respects is identical with, the one involved in *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 752, which we held imposed a tax instead of a license fee. That holding is controlling here.

2. In determining whether Richmond County has authority to impose a tax such as the one involved here, we must be mindful of the principle that "A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution. [Citations.] If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative." *Commissioners of Chatham County*

*v. Savannah Elec. &c. Co.*, 215 Ga. 636, 637 (112 SE2d 655). See also, *Mayor &c. of Savannah v. Hartridge,* 8 Ga. 23.

From the examination made of the citations submitted by counsel and from our own research, we have concluded that Richmond County has no authority to impose the tax involved here.

(a) For this authority the county relies upon the Home Rule Amendment to the State Constitution (Art. XV, Sec. II; *Code Ann. Ch.* 2-84), proposed by Georgia Laws 1965, page 752, and Georgia Laws 1966, page 869, and ratified November 8, 1966.

The portion relied upon, Section II, Paragraph I, Subparagraph (a), provides that "The governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions or regulations relating to its property, affairs and local government for which no provision has been made by general law and which is not inconsistent with this Constitution, or any local law applicable thereto. . ." *Code Ann.* § 2-8402 (a).

However, Subparagraph (c) of the same Section II, Paragraph I recites in material part that "The power granted to counties in Subparagraphs (a) and (b) above shall not be construed to extend to the following matters . . . 4. Action adopting any form of taxation beyond that authorized by law or by this Constitution . . ." *Code Ann.* § 2-8402 (c).

Therefore, instead of granting authority, this Amendment specifically negatives authority to impose taxes and declares that such authority must be found elsewhere in the laws or the Constitution.

(b) Authority for this ordinance is not provided by the local legislation establishing the Board of Commissioners of Roads and Revenues for Richmond County, also relied upon by the appellees.

In this connection, the powers originally given the Judge of the City Court of Richmond County by Georgia Laws 1883, page 528, recited that the judge, as ex-officio commissioner of roads and revenues, had original and exclusive jurisdiction over "regulating peddling and fixing the price of licenses therefor, in

granting and issuing all licenses, the proceeds of which form or may form part of the county revenue." By Georgia Laws 1907, page 324, the present Board of Commissioners of Roads and Revenues was established and was granted all the powers relative to county matters that were previously vested "in the judge of the city court as ex-officio commissioner of roads and revenues. . ." Since this local legislation authorizes only licenses and not taxes and since we have held that this ordinance seeks to impose a tax, such legislation does not authorize the action taken here.

We cannot agree that the authority provided by this legislation is substantially the same as that under which the City of Atlanta acted, and which this court held did authorize an occupation tax, in the *Pharr Road* case, 224 Ga. 752, supra, because there the local statutory authority expressly included the levy of a tax.

(c) Nor is authority for this ordinance to be found by reason of the ratification in 1964, pursuant to Georgia Laws 1964, page 1022, of the following addition to Article VII, Section IV, Paragraph I of the Constitution: "The General Assembly may, by law, authorize the governing authorities of all the counties of this State to assess and collect license fees and taxes from all persons, firms and corporations maintaining a place or places of business in any area of said counties outside the incorporated limits of the municipalities therein. . ."

This amendment was stricken in 1966 when another amendment was ratified, pursuant to Georgia Laws 1966, page 1066. The latter amendment expressly substituted a new Section IV of Article VII, which did not include the above quoted provision.

It is contended that since Paragraph VI of this new Article VII, Section IV states that the powers and authority granted by the amendment are cumulative of all powers and authority theretofore granted counties and that the amendment does not repeal any existing local constitutional amendments (*Code Ann.* § 2-5706), it was never intended to rescind the authority given the General Assembly by the 1964 amendment to authorize counties to impose a tax such as the one involved here. However, even if this were the case, it would not aid the appellees

here, as the General Assembly has never given Richmond County such authority. In Georgia Laws 1953, page 502, a local amendment giving the county this authority was proposed by the General Assembly, but the 1954 ratification of this amendment was held invalid in *Seago v. Richmond County*, 218 Ga. 151 (126 SE2d 657), so it never became effective. No such authority was subsequently granted.

Therefore, because of lack of authority of the county to impose the tax in question, we hold that the trial court erred in denying the temporary injunction and dissolving the restraining order.

The foregoing disposition makes it unnecessary to pass upon the other attacks made upon the ordinance or those upon the ballot submitting the Home Rule Amendment to the people. Furthermore, since the ordinance is invalid for lack of authority, the issue as to the plaintiffs' motion to strike portions of the defendants' answer relating to an alleged amendment to the ordinance is moot.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents.*