## 26554.   DeKALB COUNTY v. BROWN
## BUILDERS COMPANY, INC. et al.

UNDERCOFLER, Justice. This appeal is from a judgment of the trial court holding the following DeKalb County ordinance unconstitutional and permanently enjoining its enforcement:

"No plat of subdivisions shall be approved and no building permit shall be issued unless the developer or applicant for building permits shall pay in addition to all charges for building permits now required, the additional sum of one hundred twenty ($120) dollars for each family unit, such funds to be allocated to the Board of Education to be used in providing additional school facilities within the area in which the family unit is located. For the purpose of this ordinance, the term 'family unit' shall be construed to mean house or other structure or a portion of any building or structure designed, arranged and used for living quarters for one or more persons living as a single housekeeping unit with cooking facilities, including, without limiting the generality of the foregoing to, such units as hotels, motels or other structures designed for transient residence."

Appellant also enumerates as error: 1. The overruling of its motion to dismiss the appellee's complaint for failure to state a cause of action and for failure to join the DeKalb County Board of Education as an indispensable party, 2. the sustaining of appellee's motion to strike appellant's third-party complaint and dismissing the DeKalb County Board of Education as a third-party defendant, and 3. the trial court's order directing refunds of all sums collected under said ordinance from a certain date. *Held:*

1. Appellant contends that the ordinance imposes a building permit fee and that the county has the right to impose such a fee under Ga. L. 1937, pp. 583-587, as amended in 1939, pp. 248-250; and Ga. L. 1961, p. 560 (*Code Ch.* 23-28). The appellant also contends that it had the authority to impose the fee as a business license tax under a local constitutional amendment adopted in 1958 (Ga. L. 1958, pp. 582-586) and an Act of the General Assembly adopted pursuant thereto. Ga. L. 1959, pp. 2658-2661.

The appellee contends that the ordinance imposes a charge of $120 "in addition to all charges for building permits now required" and that the revenue produced therefrom is to be allocated to the Board of Education. Therefore, it argues that the charge is not a building permit fee or a license but is a tax.

"The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power." *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854, 856 (165 SE2d 293); *Pharr Road Invest. Co. v. City of Atlanta,* 224 Ga. 752 (164 SE2d 803).

In our opinion the DeKalb County ordinance under attack here is clearly a tax or a charge imposed for the purpose of collecting revenue. The funds are in addition to all charges that are currently imposed for building permits and are allocated directly to the Board of Education to be used in providing additional school facilities. Obviously the funds are not for the purpose of regulation and control of the building industry.

2. "A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution. . . If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative." *Commissioners of Chatham County v. Savannah Elec. &c. Co.,* 215 Ga. 636, 637 (112 SE2d 655); *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854, 856, supra.

We fail to find any authority which authorizes DeKalb County to impose a tax for school purposes as set out in the ordinance here. On the contrary Art. VII, Sec. IV, Par. I of the Constitution of Georgia provides: "The General Assembly may authorize any county to exercise the power of taxation for any public purpose as authorized by general law or by this Constitution, and unless otherwise provided by this Constitution or by law, no levy need state the particular purposes for which the same was made nor shall any taxes collected be allocated for any particular purpose, unless expressly so provided by the General Assembly or this Constitution." *Code Ann.* § 2-5701.

Art. VII, Sec. IV, Par. II of the Constitution of Georgia provides:

"In addition to such other powers and authority as may be conferred upon any county by this Constitution or by the General Assembly, counties are hereby authorized to exercise the power of taxation for the following purposes which are hereby declared to be public purposes and expend funds raised by the exercise of said powers for said purposes and such other public purposes as may be authorized by the General Assembly: . . . 14. To provide for the support and maintenance of public schools, public education, and activities necessary and incidental thereto, including school lunches, as provided in Article VIII [§ 2-6401 et seq.] of this Constitution, upon the assessed value of all taxable property within the county exclusive of any independent school system therein." *Code Ann.* § 2-5702.

These provisions do not give DeKalb County the authority to impose the tax levied by the instant ordinance. We do not find elsewhere in the Constitution, in the general law, or in local legislation any authority granted to DeKalb County to impose such a tax. See *Commissioners of Chatham County v. Savannah Electric &c. Co.*, 215 Ga. 636, 637, supra.

"Regardless of the obvious need of the county for additional sources of revenue, the enactment of an ordinance for this purpose must be preceded and authorized by statutory or constitutional authority. Since the present ordinance is devoid of such authority, it is null and void." *Richmond County v. Richmond County Business Assn.*, 225 Ga. 568, 571 (170 SE2d 246).

The fact that the ordinance contains a severability clause does not alter this conclusion. DeKalb County had no authority to impose the tax and the entire ordinance was a nullity from its adoption.

Neither do we find authority for DeKalb County's action in Article XV, Section II, Paragraph I of the Georgia Constitution providing home rule for counties which in part provides: "(a) The governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions or regulations relating to its property, affairs and local government for which no provision has been made by general law and which is not inconsistent with this Constitution, or any local law applicable thereto . . . (c) The power granted to counties in subpara-

graphs (a) and (b) above shall not be construed to extend to the following matters or any other matters which the General Assembly by general law has preempted or may hereafter preempt, but shall be the subject of general law, or the subject of local Acts of the General Assembly to the extent that the enactment of such local Acts is otherwise permitted under this Constitution: . . . 4. Action adopting any form of taxation beyond that authorized by law or by this Constitution." *Code Ann.* § 2-8402.

3. Appellant contends that the DeKalb County Board of Education is an indispensable party to this litigation. We do not agree. The suit attacks the constitutionality of an ordinance adopted by the DeKalb County Board of Commissioners. It was not the act of the DeKalb County Board of Education and its interest in the ordinance is not such as requires its joinder.

4. The third-party complaint was properly dismissed by the trial court. *Code Ann.* § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979).

5. On February 16, 1971, the trial court directed that thereafter all sums paid under the provisions of said ordinance be held in a separate account to be disposed of or refunded in accordance with future orders of the court. The appellant complains that the final order of the court directing that these funds be refunded is error because they must be deemed to have been voluntarily paid. We do not agree. In our opinion all sums paid under the provisions of said ordinance after the court's order of February 16, 1971, were conditional payments subject to the court's final disposition. The ordinance having been properly declared unconstitutional, there was no error in directing the refund of such payments.

6. The trial court properly granted a summary judgment in favor of the complainant.

*Judgment affirmed. All the Justices concur.*
ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*McCurdy, Candler & Harris, J. Robin Harris, John Walter Drake, Murphy Candler, Jr., Arthur K. Bolton, Attorney General,* for appellees.