## 27085. AIRWAYS PARKING COMPANY et al. v. CITY OF ATLANTA et al.

JORDAN, Justice. Airways Parking Company and Airways Service, Incorporated, alleged in their complaint for injunctive relief against the City of Atlanta and various officials thereof that they were licensees of the city operating parking and related facilities at the municipal airport, that the payments for the licenses were based on gross receipts, and that the city was seeking to collect additional fees based on gross receipts under a business license ordinance which, if permitted, would result in an impairment of the contracts in violation of Art. I, Sec. III, Par. II of the Georgia Constitution (*Code Ann.* § 2-302), an increase in the consideration provided in the contracts, and a violation of an exclusion in the business license ordinance with respect to businesses for which a limited or special business license is required. The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, and the plaintiffs appeal from the judgment dismissing their complaint. We deal with the contentions of the plaintiffs as generally stated by their conclusions in the brief submitted to this court. *Held:*

1. The licenses which the plaintiffs acquired from the city under the contracts, the consideration for which includes payments based on gross receipts, are licenses in real property, i.e., authority to make use of the land for the purposes stated during the periods specified in the contracts. *Henson v. Airways Service, Inc.,* 220 Ga. 44, 52 (136 SE2d 747). As licensees of real property in this sense the payments for their licenses, whether based on a percentage of gross receipts or otherwise, are consideration for the right to use the land for the purpose stated in the contracts, and are not revenue producing taxes. It is merely coincidental that the grantor of the licenses is also a municipal authority with the power to grant licenses for the purpose of regulation or taxation, and the

plaintiffs' status as licensees of real property would be the same whether the grantor is a municipal corporation or a private owner of the land.

2. The business license ordinance of the City of Atlanta is a revenue producing taxation ordinance. *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 752, 755 (164 SE2d 803).

3. It follows from the above that there is no duplicate taxation in exacting a consideration based on a percentage of gross receipts for licenses to use land owned by the city and in taxing the businesses conducted under the licenses, even though the tax is also based on a percentage of gross receipts.

4. Inasmuch as the consideration for the licenses for the use of the land owned by the city is not a tax for a "person conducting a business for which a limited or special business license is required" (Atlanta Code § 2 (A) (2) (f)), the exclusion for such a person is not applicable.

5. Likewise, we find nothing in the contracts which excludes or exempts the plaintiffs from payment of taxes as imposed by the ordinance here involved, and no basis for treating the taxing ordinance, if applied to the plaintiffs, as an impairment of any obligation under the contracts. It is settled law that the obligation of a contract is not impaired by a later taxing statute, as is the case here, taxing the proceeds of the contract, if it does not prevent receipt of the proceeds under the contract. *Cherokee Brick &c. Co. v. Redwine,* 209 Ga. 691 (2) (75 SE2d 550), and cases cited therein. Even if the only tax contemplated by the parties was a tax on improvements, and even if the plaintiffs had the right to contest such taxes, if need be in the name of the city, this could not be construed as the grant of an exemption from future taxation.

6. The plaintiffs for the first time before this court contend that the tax, if imposed on their activities, is a tax on interstate commerce. Under repeated decisions this court will not consider a constitutional issue not raised in the trial court.

7. The trial court did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellants.
*Henry Bowden, Ferrin Y. Mathews,* for appellees.