27304. DeKALB COUNTY v. ALLSTATE
BEER, INC. et al.

UNDERCOFLER, Justice. Allstate Beer, Inc., and others, filed a complaint seeking injunctive and other relief against DeKalb County. The complaint alleged that they carried on a wholesale business in that county selling malt beverages to licensed retailers therein; that their business premises are in Fulton County, Georgia, and each has been licensed either by the City of Atlanta or by Fulton County as a licensed wholesaler of malt beverages; and that on November 10, 1970, the Board of Commissioners of DeKalb County passed an ordinance which required them to pay an "audit fee" in addition to a $100 license fee for doing business in that county. A similar ordinance had been in effect previously but was rescinded on November 23, 1971. On December 28, 1971, the ordinance was again passed requiring the $550 "audit fee." The complainants paid to the county the $100 annual license fee during the period when the "audit fee" ordinance was not in existence but they have been notified that unless they now pay the $550 fee their 1972 licenses may be canceled or they may be subjected to criminal prosecution. The complaint further alleges that Georgia has a general statute dealing with the licensing of wholesale dealers who do business in counties other than where they are duly licensed and that the DeKalb County ordinance is in conflict with this general statute which limits the license fee to $100. The complainants contend that the general statute pre-empts any local

ordinance attempting to impose any license fees or audit fees in excess of the statutory amount and that the ordinance is unconstitutional. The complaint sought an injunction and prayed that the ordinance of DeKalb County be declared unconstitutional and that DeKalb County be permanently enjoined from enforcing it. DeKalb County filed certain defenses to the complaint.

On agreement of the parties that the matter be treated as if motions for summary judgment had been made by both parties, the trial court found that the "audit fee" imposed by the ordinance was not a license fee but a revenue raising measure or tax and that the county was without authority to impose it in 1971 since the adoption of the ordinance was subsequent to the applications for licenses; that the audit fees paid into the registry of the court be remitted to the complainants; that the 1971 county ordinance is unconstitutional and void; and that the county be temporarily enjoined from collecting the "audit fee." The appeal is from this judgment. *Held:*

1. DeKalb County contends that the 1950 Act of the General Assembly (Ga. L. 1950, p. 185) is unconstitutional, illegal, null and void because it violates Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) of the Georgia Constitution in that it contains matter different from what is expressed in the title thereof. The caption of the 1950 Act provides: "An Act to further regulate the sales and delivery of malt beverages, to provide for penalties for violation of this Act, and for other purposes." The county contends that because the caption does not refer to licensing of wholesale dealers or that wholesale dealers having a place of business in any other city or county shall be charged only $100 for the license fee, the body of the Act contains matter not expressed in its title.

"We believe it not necessary to engage here in a discussion of the history and purpose of the constitutional clause invoked. It does not mean that the caption must be as detailed as the Act... It is sufficient if the provision of the Act is germane to the subject matter thereof stated

in the caption." *Undercofler v. Hospital Authority of Forsyth County,* 221 Ga. 501, 504 (145 SE2d 487).

Licensing dealers is a part of "regulating the sales and delivery of malt beverages" and the Act is not unconstitutional for this reason or because it contains licensing provisions of nonresident dealers.

This contention of the county is without merit.

2. A 1958 local constitutional amendment granted the General Assembly the authority to empower the Board of Commissioners of DeKalb County the right: "To authorize the licensing and regulation of businesses and levying of license taxes on all persons, firms and corporations doing business in the unincorporated area of said county." Ga. L. 1958, pp. 582, 583.

In 1959 the General Assembly passed an enabling Act authorizing DeKalb County to: "Fix, levy and assess license fees, charges or taxes on all persons, firms and corporations engaging in or offering to engage in any trade, business, calling, avocation or profession in the area of DeKalb County, Georgia, outside the incorporated limits of municipalities situated therein." Ga. L. 1959, pp. 2658, 2659.

In 1971 DeKalb County passed the following ordinance pursuant to the 1959 enabling Act of the General Assembly: "The revenue collector shall audit each wholesale dealer licensed to do business in the county, and such wholesaler shall, at the time of filing application for a license or a renewal of license, pay to the revenue collector the sum of five hundred fifty dollars to cover the cost of auditing the books and records of such wholesale dealer. . ." This audit fee is in addition to the license fee in the amount of $100 which the county also collects from the complainants.

A state statute was in existence at the time which provided: "Where a wholesale dealer is licensed to do business in one city or county and does business in other cities and counties, no city or county other than the city or county in which the business is located shall charge a license fee against said wholesalers to exceed $100.00." Ga. L. 1950, p. 185.

The county argues that its ordinance imposes a tax on the beer wholesalers and is not a license fee and that the state statute does not, therefore, apply.

"The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power." *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854, 856 (165 SE2d 293); *Pharr Road Investment Co. v. City of Atlanta,* 224 Ga. 752 (164 SE2d 803).

In our opinion the 1971 county ordinance is clearly a license fee to regulate the business of the wholesalers since it provides that the fee is to be paid ". . . to cover the cost of auditing the books and records of such wholesale dealer." The "audit fee" is in addition to the regular $100 license fee imposed by the county on the complainants. The trial court erred in holding that the "audit fee" was a revenue raising measure.

3. Since the "audit fee" imposed by the ordinance is a license fee and the amount of the fee imposed on the dealers by the county ordinance is larger than that provided by the state statute, does the county ordinance passed pursuant to a constitutional amendment and enabling statute control or does the state statute control?

The general rule is that "rights existing under a statute in force when a constitutional amendment is adopted are not affected by it unless it contains some provision which expressly abrogates such pre-existing rights. The principle is, it seems, fully applicable to constitutional provisions which, instead of being restrictive, permit greater freedom of action. It is also the general rule that a statute existing at the adoption of a constitution cannot be upheld if it is opposed to the plain terms of the constitution. If there is a conflict between a statute and such a constitutional provision, the former must give way, since all statutes which are actually inconsistent with a new constitution are repealed by implication, unless they constitute contracts within the meaning of the federal provi-

sion prohibiting an impairment of the obligation of contracts. Similarly, an amendment of the constitution must be held to amend the existing statute law to agree with such an amendment. The exception must be noted, however, that where the constitutional provision is not self-executing, in some instances an inconsistent state statute is not thereby superseded. If it is self-executing, it necessarily annuls all inconsistent acts of the legislature passed prior to its adoption." 16 AmJur2d 220, § 49; 16 CJS 134, § 43.

In *Nash v. Nat. Preferred Life Ins. Co.,* 222 Ga. 14, 22 (148 SE2d 402), this court dealt with the same 1958 constitutional amendment and same 1959 enabling statute as are involved in this case. In that case after DeKalb County pursuant to the 1959 statute had passed a license tax ordinance taxing life insurance companies, a 1964 statute was passed by the General Assembly and approved by the governor preempting the field of imposing taxes on life insurance companies, etc., except for taxes on real property and tangible personal property taxed ad valorem. This court held that the 1964 state statute repealed any provisions of the special enabling Act and DeKalb County license tax ordinance as to the taxing of life insurance companies where said provisions were contrary to the terms of the 1964 Act. This court said: "It must be kept in mind that the 1958 local constitutional amendment only authorized the General Assembly to empower DeKalb County to enact such an ordinance and was not a self-executing amendment."

"In *Chapman v. Sumner Consolidated School District,* 152 Ga. 450 [109 SE 129], which arose after the adoption of the constitutional amendment of 1918, it was held that the previously existing statute . . . should be construed consistently with such amendment." *McKnight v. City of Decatur,* 200 Ga. 611, 619 (37 SE2d 915).

Applying these principles to the facts of this case, we hold that since the 1958 local constitutional amendment was not self-executing, the state statute controls the amount

of license fee which can be collected by the county.

4. It follows that the trial court did not err in enjoining the further collection of the "audit fee" by the county and ordering the "audit fees" paid into the registry of the court to be remitted to the complainants.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972— REHEARING DENIED SEPTEMBER 25, 1972.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*Lefkoff & Hanes, Paul L. Hanes, Arthur K. Bolton, Attorney General,* for appellees.