39586, 39639. COTTON STATES MUTUAL INSURANCE COMPANY et al v. DEKALB COUNTY et al (two cases). 39628. GOVERNMENT EMPLOYEES INSURANCE COMPANY v. DEKALB COUNTY et al.

SMITH, Justice.

These cases, consolidated for appeal, present the question of the validity of a 1973 DeKalb County ordinance levying an annual license tax on casualty insurance companies doing business in unincorporated DeKalb County. In 1981 DeKalb County officials assessed back taxes for the years 1974 through 1981 against each appellant. Appellants exhausted their administrative appeals, then filed suit in DeKalb Superior Court seeking to have the taxing ordinance declared invalid and its enforcement enjoined. Government Employees Insurance Company (GEICO) and Cotton States appeal from separate decisions upholding the tax.

The ordinance, entitled "General License Fees and Occupational Taxes," requires certain insurance underwriting companies[1] doing business in unincorporated DeKalb County to pay a "charge in an amount equal to three per cent (3%) of the gross direct premiums received during the preceding license year from policies of fire, casualty, surety, property, marine, transportation, liability, industrial, steam boiler, windstorm, livestock, title fidelity, credit, workman's compensation, excess, surplus, automobile, material damage and other insurance issued upon property and business located within the unincorporated portion of the county." DeKalb County Code § 7-1011. The ordinance also requires each

---

[1] Life, accident and sickness insurance companies are exempted from compliance with the ordinance.

insurance company maintaining an office or place of business, other than a sales office, in unincorporated DeKalb County to pay a $225 tax for the first place of business and a $100 tax for each additional county office.

1. Appellants concede that DeKalb County possesses authority to impose a license fee for regulatory purposes, but they contend that the county has no constitutional or statutory authority to assess a revenue producing business license tax on casualty insurance companies doing business in DeKalb County. At the outset, then, we must decide whether the ordinance in question is primarily regulatory or revenue producing in nature. "The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power." *Richmond County Business Assn. v. Richmond County,* 224 Ga. 854, 856 (165 SE2d 293) (1968). There is little doubt as to the primary intent, or for that matter the practical effect, of the county's gross premium tax on insurance companies. The ordinance (which according to one DeKalb official raised over $1,680,000 in county revenues in fiscal year 1981), is directly tied to the affected companies' ability to pay, and does not even purport to regulate the insurance industry in DeKalb County. Its sole purpose appears to be the production of county revenues. It is a tax, not a license. See *DeKalb County v. Atlanta Gas Light Co.,* 228 Ga. 512 (186 SE2d 732) (1972); *DeKalb County v. Brown Builders Co.,* 227 Ga. 777, 778 (183 SE2d 367) (1971); *Pharr Road Investment Co. v. Atlanta,* 224 Ga. 752, 754 (164 SE2d 803) (1968).

2. It is settled that counties possess only those powers which the state has expressly or impliedly granted to them. *DeKalb County v. Atlanta Gas Light Co.,* supra, at 513. " 'A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution . . . If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative.' " *DeKalb County v. Brown Builders,* supra, at 778. As authority for its 3% gross premiums tax, DeKalb County cites a local constitutional amendment, Ga. Laws 1958, p. 582, and implementing statute, Ga. Laws 1959, p. 2658. These acts are no strangers to this court. Since their enactment, we have on at least five occasions been asked to review DeKalb County taxing attempts which were purportedly authorized by this constitutional amendment and implementing act. See *DeKalb County v. Georgia Power Co.,* 249 Ga. 704 (292 SE2d 709) (1982) (right-of-way permit); *DeKalb County v. Allstate Beer,* 229 Ga. 483 (192 SE2d 342) (1972) (wholesalers' audit fee); *Chicago Title Co. v. Nash,* 228 Ga. 719 (187 SE2d 662) (1972) (insurance company

license tax); *DeKalb County v. Atlanta Gas Light Co.,* supra, (public utilities right-of-way fee); *DeKalb County v. Brown Builders,* supra (building permit fee). Each time this court, for a variety of reasons, has declared the particular DeKalb taxing ordinance to be void.[2]

Appellants raise various constitutional challenges to the ordinance, local constitutional amendment, and enabling act. In addition to these arguments, in Case No. 39628 GEICO contends that it was not "doing business" in unincorporated DeKalb so as to be subject to the license tax. We need not address these claims or the remaining enumerations because we conclude that the ordinance is void as an attempt to regulate the insurance industry in an area which has been preempted by the state.

Section 7-1011 of the DeKalb County Code was enacted in 1973 under the authority of the 1959 enabling act. In 1960 the General Assembly enacted the Georgia Insurance Code, which levies a statewide gross premium tax of 2 1/4% on all casualty insurance companies doing business in Georgia, OCGA § 33-8-4 (Code Ann. §§ 56-1303, 56-1312), as well as a flat $300 yearly license fee on all insurance companies, OCGA § 33-8-3 (Code Ann. § 56-1309). Appellants contend that the 1960 enactment repealed by implication DeKalb County's statutory authority to impose a gross premium tax on casualty insurance companies. We agree.

The law applicable to repeal by implication was well stated in *Nash v. Nat. Preferred Life Ins. Co.,* 222 Ga. 14, 21 (148 SE2d 402) (1966): "While repeal by implication is not favored, a statute will be held to have repealed a prior statute where the latter is clearly inconsistent and contrary to the most recently enacted law or where the later enactment appears to cover the entire subject matter and give expression to the whole law on the subject." A special or local act may be repealed by a subsequent general law "where the provisions of the general act manifest that it was the intention of the legislature to enact a general law on the subject-matter which should be exhaustive and a substitute for every prior general, local, and special law relating to the subject-matter [covered by the general act]." *Hammond v. State,* 10 Ga. App. 143 (72 SE 937) (1911). The 1960 act, of which present OCGA § 33-8-4 (Code Ann. §§ 56-1303, 56-1312) is an integral part, is such a general act. Its introduction states that the Act

---

[2] We recently affirmed without opinion a decision upholding the application of DeKalb County's gross premiums tax to an insurance company doing business in unincorporated DeKalb. *Allstate Ins. Co. v. DeKalb County,* Case No. 38938 (decided Nov. 2, 1982). However, the parties to that appeal did not enumerate as error DeKalb County's power to enact the taxing ordinance.

is intended to "revise, classify, consolidate, and supersede the present laws relating to insurance. . ." Ga. Laws 1960, p. 289. The Insurance Code extensively and exhaustively regulates, at the state level, all aspects of the insurance industry in Georgia. Any authority DeKalb County possessed to tax insurance premiums by virtue of the 1959 enabling act was preempted by enactment of the 1960 general law regulating insurance companies. The DeKalb ordinance is therefore ultra vires and void, and the court below erred in upholding the tax.

This conclusion is consistent with our decision in *Nash v. Nat. Preferred Life Ins. Co.,* supra. In *Nash* we held that the very DeKalb ordinance being challenged in this case had been repealed by implication by the enactment of Ga. Laws 1964, p. 122 (present OCGA § 33-8-8 (Code Ann. § 56-1310)) insofar as the ordinance applied to life insurance companies. It is true, as appellees point out, that in the 1964 act the state expressly preempted DeKalb County's power to tax life insurance companies; and that no such express preemption occurred as to the casualty insurance companies involved in this appeal. Nevertheless, we hold that preemption of the county's power to tax casualty insurance companies can be fairly implied from the sweeping language and broad scope of the 1960 general act regulating the insurance industry on a statewide basis, and particularly from the statewide gross premium tax on casualty insurance companies contained in OCGA § 33-8-4 (Code Ann. §§ 56-1303, 56-1312). Where a general act is in direct conflict with a prior local act, and a taxing ordinance is enacted in reliance on the invalid local act, the ordinance must fall. See *Nash,* supra, at 22. In light of the statutory history of the DeKalb ordinance, as well as this court's rule of strict construction of county taxing power, we conclude that the DeKalb County ordinance levying a tax on the gross receipts of casualty insurance companies is unauthorized.

3. Finally, DeKalb County argues that the recent enactment of H. B. 420 by the General Assembly dictates a different result.[3] We disagree. The bill, effective January 1, 1984, does not affect the validity of a DeKalb County license tax imposed for the years 1974 through 1981.

*Judgment reversed. Case No. 39586; Hill, C. J., Marshall, P. J., Clarke and Gregory, JJ., and Judge Andrew J. Whalen, Jr. concur.*

---

[3] This bill passed the 1983 General Assembly and was signed by Governor Harris on April 5, 1983. It appears to authorize a 2.5% gross premium tax by counties and municipal corporations on casualty insurance companies, in addition to the state gross premium tax imposed by OCGA § 33-8-4.

*Weltner, J., dissents as to Division 2. Bell, J., disqualified. Case Nos. 39639 & 39628; Hill, C. J., Marshall, P. J., Clarke and Gregory, JJ., and Judge W. C. McMillan, Jr., concur. Weltner, J., dissents as to Division 2. Bell, J., disqualified.*

DECIDED JUNE 29, 1983 —
REHEARING DENIED JULY 22, 1983.

*Durwood T. Pye, Tom Pye, L. Lee Dailey,* for appellants (case nos. 39586 and 39639).

*Smith, Cohen, Ringel, Kohler & Martin, John A. Blackmon, Bruce H. Beerman, William B. Wood,* for appellant (case no. 39628).

*Dillard & Wolfe, George P. Dillard, Gail C. Flake,* for appellees.

*Eugene Hardwick Polleys, Jr., Walter Edwin Sumner, L. Clifford Adams, Jr., Joseph C. Parker, James M. Elliott, Jr., James B. Blackburn,* amici curiae.