42761. FEDERATED MUTUAL INSURANCE COMPANY
v. DeKALB COUNTY.
(341 SE2d 3)

GREGORY, Justice.

We granted certiorari to the Court of Appeals' decision in *Federated Mut. Ins. Co. v. DeKalb County,* 176 Ga. App. 70 (335 SE2d 873) (1985), to determine if it was correctly decided there that *Cotton States Mut. Ins. Co. v. DeKalb County,* 251 Ga. 309 (304 SE2d 386) (1983) is to be given prospective only application. We affirm.

In *Cotton States,* supra, we held the insurance companies were not liable to pay back taxes to DeKalb County for the years 1974 through 1981. We determined that the enabling statute authorizing the 1973 DeKalb ordinance levying a three percent tax on gross premiums for certain types of insurance covering property located in the county had been repealed by implication. The enabling statute, Ga. Laws 1959, p. 658 was based upon a local constitutional amendment,

Ga. Laws 1958, p. 582. Our rationale was that the Georgia Insurance Code, Ga. Laws 1960, p. 289 (OCGA § 33-1-1 et seq.) which, among much else, levied a statewide two and a quarter percent premium on all casualty insurance companies doing business in Georgia, was inconsistent with and contrary to the 1959 enabling statute for the DeKalb County tax and therefore repealed that enabling statute by implication.

After Cotton State's victory, Federated Mutual began this action seeking a refund of premium taxes it paid DeKalb County (Federated Mutual acknowledged a three-year limit on refunds for taxes by virtue of OCGA § 48-5-380). The county took the position that *Cotton States*, supra, should be given a prospective only effect, thus precluding a refund of the taxes. It pointed out the test for retroactive or prospective treatment of court decisions laid down in *Chevron Oil Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971). The trial court and the Court of Appeals agreed with the county and denied relief to Federated Mutual. We hold the decisions below were correct.

Federated Mutual argues to us that we can simply ignore the decision of *Cotton States*, supra, as a precedent in this case and apply the same rationale we applied there to find that the 1960 Insurance Code repealed DeKalb's enabling act. But we cannot simply put aside *Cotton States*. The issue of non-retroactivity is presented in a case where the principle of law relied upon is one which was established as a new principle of law in a prior decision. *Chevron Oil*, supra. A court announces a new principle of law when it either (1) overrules clear past precedent such as was done in *Mapp v. Ohio*, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081) (1961) (see also the discussion in *Linkletter v. Walker*, 381 U. S. 618 (85 SC 1731, 14 LE2d 601) (1965)); or (2) decides an issue of first impression whose resolution was not clearly foreshadowed as in *Allan v. Allan*, 236 Ga. 199 (223 SE2d 445) (1976). In *Cotton States*, supra, we did not overrule clear past precedent upon which the parties relied, but we did decide an issue of first impression under circumstances where the resolution of that issue was not clearly foreshadowed. The issue in *Cotton States*, as it is here, was whether the 1960 Insurance Code repealed the DeKalb enabling statute by implication. As the Court of Appeals has pointed out in detail, our decision that repeal by implication had occurred was certainly not clearly foreshadowed. For years the tax was paid by many insurance companies including Federated Mutual without protest. Even though the 1960 Insurance Code was a comprehensive effort, it was largely a collection of prior statutes so that many saw no inconsistency in both state and local taxes on premiums because it had gone on in this fashion in the past. J. Coalson, Jr. "State and Local Taxation," 36 Mercer L. Rev. 307 (1984). Thus, we laid down a new principle of law by deciding an issue of first impression whose resolution

was not clearly foreshadowed. Therefore, we hold that this case must address the question of non-retroactivity. Upon doing so we agree with the analysis of the Court of Appeals based upon *Chevron Oil*, supra, which led that court to conclude *Cotton States* should be given prospective only application. We hereby give it that application.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Whelchel, Dunlap & Gignilliat, William A. Bagwell, Weyman H. Forrester, Thomas M. Cole,* for appellant.

*Albert S. Johnson, Gail C. Flake,* for appellee.

*Sutherland, Asbill & Brennan, Stephen F. Gertzman, Alfred A. Lindseth, Richard L. Robbins,* amicus curiae.