TOWNS *et al. v.* SUTTLES, Tax Collector.

No. 17760.    Argued February 12, 1952—Decided March 11, 1952—
Rehearing denied March 25, 1952.

*Thos. E. McLemore*, for plaintiffs.

*Harold Sheats, Elbert P. Tuttle* and *E. A. Wright*, for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The question here presented is new. It involves the manner of amending the Constitution of 1945. Under the Constitution of 1877, article 13, section 1, paragraph 1, Code, § 2-8601, in so far as the people's part in adopting an amendment, this was determined by a majority vote of the electors of the whole State. The vote within the particular area affected was not separately considered. But in the Constitution of 1945, the mode of amending the Constitution was changed.

The Constitution of 1945, article 13, section 1, in so far as the people's part in adopting an amendment, states: "provided that if the proposed amendment is not one that directly affects the whole State, but only one or more subdivisions thereof, said

amendment shall not become a part of this Constitution unless it receive both a majority of the electors qualified to vote voting thereon in the State as a whole, and also a majority of the electors qualified to vote voting thereon in the particular subdivision of subdivisions affected." We construe the word "subdivision" as here used to mean "political subdivision," because, supra in the same paragraph in providing for publication of an amendment, it is stated: "if such proposed amendment directly affects only one or more political subdivision of the State, then it shall also be advertised in the area to be directly affected thereby."

The Fulton County School District is a political subdivision of this State. *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561); *Jennings* v. *New Bronwood School District*, 156 *Ga.* 15 (2a) (118 S. E. 560); *Sea-Board Air-Line Ry. Co.* v. *Wright*, 165 *Ga.* 367 (140 S. E. 863); *Campbell* v. *Red Bud Consolidated School District*, 186 *Ga.* 541 (198 S. E. 225).

The authors of the Constitution of 1945 and the people adopting it knew, or were charged with knowledge, that a school district was a political subdivision of this State. Had it been intended to limit the unit to be affected, or the area affected, to a county it would have so stated.

The only people affected by this proposed amendment were those residing in the Fulton County School District. Those within the City of Atlanta were in no way affected. The very purpose of the Constitution of 1945, in its provision for amendment, was to protect those within a prescribed area from having their rights under the Constitution altered except by consent of a majority of those within the area affected by the amendment.

The meaning of the Constitution is clear. Before the constitutional exemption from ad valorem tax on homestead residences within the Fulton County School District can be encroached upon, the proposed. constitutional amendment so doing must receive a majority of the votes of the electors voting thereon within that area; and the amendment here in question, receiving only a minority of such votes, failed to be ratified by the people.

Ratification or non-ratification of a constitutional amendment is a vital element in the procedure to amend the Constitution. A proclamation by the Governor declaring that the amendment

was adopted is not conclusive, and the courts can inquire into this question. Where, as here, it appears that the amendment was not ratified in accordance with the provisions of the Constitution, it must be judicially declared of no force and effect, in that it never became a part of the Constitution. *Hammond* v. *Clark,* 136 *Ga.* 313, 320 (71 S. E. 479).

We can not agree with defendant in error upon either premise advanced that Fulton County as a whole was the subdivision affected.

First, it is insisted that the second paragraph of the first section of the resolution, referring to "taxes assessed and collected by the taxing authorities of Fulton County for the support and maintenance of education as recommended by the Fulton County Board of Education," together with the first paragraph of the second section, which provides for the passage of the resolution by the General Assembly, and for its advertisement, was all that was required to amend the Constitution; and that the resolution, in going further and providing that the proposed amendment must receive a majority vote in the State as a whole, "and also a majority . . . in the Fulton County School District," was altering the mode of amending the Constitution by adding requirements in addition to those specified in the Constitution. We do not concur in this theory. The educational tax of five to fifteen mills provided by article VIII, section XII, paragraph I, (Code, Ann., § 2-7501) is collected by the tax collector of the county, and under the act of 1946 (Ga. L. 1946, p. 206; Code, Ann. Supp., § 32-1106), is paid over to the county board of education. In describing the tax sought to be interposed as against the homestead residence exemption, it properly referred to "taxes assessed and collected by the taxing authorities of Fulton County for the support and maintenance of education as recommended by the Fulton County Board of Education." This was merely a method of describing the tax sought to be imposed, and could have no effect in expanding the territory involved so as to include all of the area in Fulton County, in the face of the specific designation of the Fulton County School District as being the area affected.

Neither can we agree that the second theory advanced makes all of Fulton County the area affected. Here it is contended

that, inasmuch as there is a preexisting constitutional amendment (Ga. L. 1937, p. 18), permitting, upon the request of the board of education, a tax not exceeding 1½ mills throughout the entire county including independent school systems, this makes all of Fulton County the affected area. We fail to see how the existence of a 1½ mill tax for educational purposes throughout all of Fulton County makes all of Fulton County the affected area, when the amendment now under review in no way affects the territory included in the Atlanta School District.

Neither, for reasons already stated, do we concur in the grounds assigned by the trial judge in his order sustaining the general demurrer. The position there taken is that the subdivision referred to could mean nothing but a county.

*Judgment reversed. · All the Justices concur.*