## 20699. COMMISSIONERS OF CHATHAM COUNTY *et al. v.* SAVANNAH ELECTRIC & POWER COMPANY *et al.*

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Shelby Myrick,* for plaintiffs in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. Ormonde Hunter,* contra.

ALMAND, Justice. The judgment under review is one overruling a general demurrer to an equitable petition and granting an interlocutory injunction.

Savannah Electric & Power Company and three named persons, customers of the utility company, brought their petition against the Ex-Offico Judges and Commissioners of Chatham County and J. Archie Johnson, Tax Commissioner of Chatham County. Their prayers were for a decree declaring an ordinance enacted by the defendant commissioners on August 7, 1959, to be void, and for an injunction enjoining the enforcement of the ordinance by the defendants.

The ordinance under attack levies a specific tax for the operation and maintenance of the public schools in the City of Savannah and the County of Chatham, on the occupants of residences, houses and apartment buildings; and on the occupiers of business establishments, offices, mills, factories, et cetera. A specific monthly tax is imposed upon each occupant who uses the services of a telephone company, electric light and power company, and gas company. As to users of electricity, the occupant

of a residence is required to pay a tax of $.25 per month; the occupiers or owners of stores, offices, mills, plants, factories, and other business establishments classified as commercial customers, are required to pay a tax of $2 per month; and occupiers of plants and factories classified as industrial customers, and public authority users of electricity, are required to pay $50 per month. The monthly tax is to be paid to the utility, which in turn is required to remit the taxes so collected, less three percent to compensate their service of collecting the tax, to the Tax Commissioner of Chatham County. Any person, firm, or corporation upon conviction of violating the provisions of the ordinance is subject to fine not exceeding $100 or imprisonment in the county jail not exceeding 30 days, either or both. It is provided that the amounts collected by the Tax Commissioner shall be remitted to the Board of Education for the support, operation, and maintenance of the public schools in the county, and shall be in addition to other taxes for school purposes which may have previously been levied.

Error is assigned on the judgment of the trial court overruling the general demurrers of the defendants and granting an injunction.

It is contended by the plaintiffs that the ordinance is contrary to Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 (Code, Ann., § 2-7501) as amended (Ga. L. 1950, p. 448). The defendants contend that Chatham County, by reason of several enumerated local and special acts of the General Assembly, enacted prior to and after the adoption of the Constitution of 1877, has the power to levy a special tax for educational purposes independent of the ad valorem millage tax on real and personal property, and that Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 does not restrict Chatham County from levying other additional taxes for educational purposes.

A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution. Art. 7, Sec. 4, Par. 1, Constitution of 1945 (Code, Ann., § 2-5701); *Pullman Co.* v. *Suttles*, 187 *Ga.* 217 (2) (199 S. E. 821). If there is any doubt as to the power of the county to tax in a particular in-

stance, it must be resolved in the negative. *Beazley* v. *DeKalb County*, 210 *Ga.* 41, 43 (77 S. E. 2d 740).

As we view the case, it is not necessary to determine whether the various local and special acts of the General Assembly authorize Chatham County to levy taxes for educational purposes over and beyond the existing limit of 20 mills on each dollar, as levied under the provision of Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 as amended, or permit the county authorities to levy taxes other than ad valorem taxes for such purposes. Nor do we think it necessary to act on the request of counsel for the defendants that we review and overrule the case of *Richter* v. *Bacon*, 145 *Ga.* 408 (89 S. E. 367). It is our conclusion that the Constitution of 1945 as amended settles in plain and unequivocal terms the question of the authority of the defendants to enact the tax ordinance under consideration.

When the Constitutional Commission had under consideration the proposal of a new Constitution in 1945, paragraph 1 of section 4 of article 8 of the then existing Constitution of 1877 as amended (Code § 2-6901) granted to the counties authority, on recommendation of the local boards of education, to assess and collect taxes, for the support of public schools under their control, of not less than one nor more than five mills on the dollar of all taxable property of the counties outside of independent local systems. This paragraph expressly provided, however, that it did not apply to counties having a local school system of taxation adopted prior to the Constitution of 1877. The Constitutional Commission of 1945 submitted in its proposal of a new constitution the following as to local taxation for educational purposes: "The fiscal authority of the several counties shall levy a tax for the support and maintenance of education not less than 5 mills nor greater than 15 mills (as recommended by the County Board of Education) upon the dollar of all taxable property in the County located outside of independent school systems and the provisions of this Section shall apply to public schools referred to in Section X." Section X of the new Constitution referred to, and now a part of the Constitution of 1945 (Art. 8, Sec. 10, Par. 1; Code, Ann., § 2-7301), provided: "Public school systems established prior to the adoption of the Constitution of

1877 shall not be affected by this Constitution." When the new constitution proposed by the Commission came on for consideration by the General Assembly in 1945, the House of Representatives struck from the proposed paragraph of the new constitution, as to taxation by counties for education, the words, "and the provisions of this Section shall apply to public schools referred to in Section X." On motion of the representatives in the House from Chatham County the following was added to the proposed paragraph and section as to county educational tax: "The independent school system of Chatham County and the City of Savannah, being co-extensive with said county, the levy of said tax shall be on all property in said county as recommended by the governing body of said system." 1945 House Journal, pp. 481, 482. So, as approved by the General Assembly and ratified by the people, Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 (Code, Ann., § 2-7501) reads as follows: "The fiscal authority of the several counties shall levy a tax for the support and maintenance of education not less than five mills nor greater than fifteen mills (as recommended by the County Board of Education) upon the dollar of all taxable property in the county located outside independent school systems. The independent school system of Chatham County and the City of Savannah, being co-extensive with said county, the levy of said tax shall be on all property in said county as recommended by the governing body of said system."

In 1950 an amendment to this section of the Constitution was ratified. Under this amendment the Ex-Officio Judges and Commissioners of Chatham County were required to levy taxes for educational purposes, including the support and maintenance of the public schools of the county, the building of school houses and appurtenant facilities and equipping the same, and acquiring the land therefor, in addition to the maximum tax for support and maintenance of education allowed by Art. 8, Sec. 12, Par. 1 of the Constitution of 1945, upon the recommendation of the Board of Education for the City of Savannah and County of Chatham to the County Commissioners, provided such increase in the millage tax is authorized in an election called for such purpose. The rate of the tax must be recommended by the Board

of Education. Under this amendment, the maximum tax of 15 mills was increased to 20 mills by the voters of Chatham County in August, 1959. So, today, under the provision of Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 as amended, Chatham County, like any county not having an independent school system, may levy an ad valorem tax exceeding 15 mills upon all taxable property in the county where such excess is approved by the voters of the county in an election called for the purpose of increasing the millage rate.

It is insisted by counsel for the defendant commissioners that to deny to the county the right to impose taxes other than as provided in Art. 8, Sec. 12, Par. 1 of the Constitution of 1945, is to render meaningless Code § 32-1127, which empowers counties to levy and collect taxes "for educational purposes in such amounts as the county authorities shall determine." This court in several decisions (*Almand* v. *Board of Education,* 161 *Ga.* 911, 131 S. E. 897; *Brown* v. *Martin,* 162 *Ga.* 172, 132 S. E. 896; *Central of Ga. Ry. Co.* v. *Wright,* 165 *Ga.* 1, 10, 139 S. E. 890) has held that Code § 32-1127 must be applied in the light of the restrictions in the Constitution as to a county tax for educational purposes, and any effort to increase a tax beyond the limit fixed in the Constitution by virtue of this Code section is void. In *Brown* v. *Martin,* supra, at page 176, this court said: "We are of the opinion that any local tax imposed by a county for educational purposes must be found in the amendment to the constitution proposed by the General Assembly of 1919 (Ga. L. 1919, p. 66), which authorizes the county authorities to levy a tax on the recommendation of the board of education, within the limits there specified, that is, not less than one nor more than five mills on the dollar on all taxable property of the county outside of any independent local school system."

The method or manner in which the County of Chatham can levy a county-wide tax for the support of public schools in the county and City of Savannah, whether ad valorem or otherwise, is fixed by Art. 8, Sec. 12, Par. 1 of the Constitution of 1945 as amended. The tax sought to be imposed for the support of public education as contained in the ordinance under attack, not being authorized by the Constitution of 1945, is an illegal and

void tax. The petition was not subject to the demurrers interposed, and the trial court did not err in overruling the general demurrers and in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*