26847.   HARRISON et al. v. MAY et al.

HAWES, Justice. Clark Harrison, A. C. Guhl, and five other named individuals, as Chairman and members of the Board of Commissioners of DeKalb County and DeKalb County filed suit against Jack May, George-R. Fellows, and five other named individuals, as chairman, vice chairman and members of the Board of Education of DeKalb County and against Jim Cherry, Superintendent of DeKalb County Schools seeking a declaratory judgment with respect to the rights and responsibilities of the parties arising by virtue of the Act approved February 28, 1956 (Ga. L. 1956, pp. 2764-2765). The Act in question is a population bill applicable "in any county

having a population of not less than three hundred thousand (300,000) by the last or any future decennial census of the United States." It provides, insofar as pertinent to this proceeding with respect to the counties falling within the required population bracket, that: "The Commissioners of Roads and Revenues thereof are hereby directed to pay to the Board of Education thereof, in addition to all other payments directed to be made by the Constitution and laws of this State, from any funds held by or available to the Commissioners of Roads and Revenues thereof and derived from sources other than taxation, the following sums upon demand by the Board of Education thereof, . . .: (d) the sum of thirty thousand ($30,000) dollars per month with respect to each month beginning with July, 1960, and continuing until this provision of this Act is repealed." It appears from the pleadings and other papers which are a part of the record before this court that this Act was, from its passage and until the 1970 decennial census was taken, applicable only to Fulton County, Georgia; that by the 1970 decennial census DeKalb County came within its operation and on March 1, 1971, the DeKalb County Board of Education by resolution duly passed directed the superintendent of schools to make demand upon the commissioners for the payment of $30,000 per month, as provided under the Act, beginning on the 1st day of February, 1971, and on March 9, 1971, Mr. Cherry wrote to Mr. Harrison making demand in accordance with the procedural requirements of the Act. The county commissioners refused to make the payment demanded, and, on April 12, 1971, brought the present complaint seeking a declaration that the Act in question is unconstitutional because it violates Art. VIII, Sec. XII, Par. I of the Constitution of 1945 as amended (*Code Ann.* § 2-7501), and also attacking the Act as violating other stated provisions of the Constitution not necessary here to be set forth. The portion of the Constitution above referred to provides: "The fiscal authority of each county shall an-

nually levy a school tax for the support and maintenance of education, not greater than 20 mills per dollar as certified to it by the County Board of Education, upon the assessed value of all taxable property within the county located outside any independent school system or area school system or area school district therein."

The defendants filed defensive pleadings which embodied therein a cross complaint seeking a mandamus absolute against the plaintiffs to compel the payment of $30,000 per month pursuant to the 1956 Act and the demand made, and also filed interrogatories which they had served upon the plaintiffs. The plaintiffs made a motion for a summary judgment and answered the interrogatories, and thereafter the trial court passed an order adjudging the Act challenged by the plaintiffs to be constitutional, dismissing the prayer for summary judgment and granting the defendants' prayer for mandamus absolute. A certificate of immediate review was duly filed, and the plaintiffs appealed from that judgment.

In 1959, this court had occasion to consider the constitutionality of an ordinance enacted by the ex officio judges and commissioners of Chatham County levying a specific tax for the operation and maintenance of the public schools of the City of Savannah and Chatham County on the occupants of residences, houses and apartment buildings and the occupiers of business establishments, offices, mills, factories, etc. The tax was imposed upon each occupant using the services of a telephone company, electric light and power company and gas company. It was there held: "The method or manner in which the County of Chatham can levy a county-wide tax for the support of public schools in the county and City of Savannah, *whether ad valorem or otherwise,* is fixed by Art. VIII, Sec. XII, Par. I of the Constitution of 1945 as amended. The tax sought to be imposed in support of public education as contained in the ordinance under attack, not being authorized by the Constitution of 1945, is an illegal and void tax." *Commissioners of Chatham County v.*

*Savannah Electric &c. Co.,* 215 Ga. 636, 640 (112 SE2d 655). (Emphasis supplied.) The ruling in that case is determinative of the issues in this case. It is true that the Act here in question does not per se levy a tax. But, "any funds held by or available to the commissioners of roads and revenues [of DeKalb County] and derived from sources other than taxation," which the county commissioners might be authorized to utilize in order to comply with this Act are shown by the plaintiffs' answer to the defendants' interrogatories to be either funds already allocated for specific purposes, upon which they would not be authorized to encroach, or are funds derived from fines and forfeitures, fees paid for licenses and the like which are first required to be applied in administering particular programs from which they are derived and the balance thereof, if any remains, is required to be paid into the treasury of the county and deposited with the general funds derived from taxes. *Code* §§ 23-1016, 89-810. They thus become a part of the general operating funds of the county which must be applied only to those purposes for which the county has authority to spend tax moneys as provided in the Constitution. See *Atlanta Chamber of Commerce v. McRae,* 174 Ga. 590 (163 SE 701); and *Stewart v. Davis,* 175 Ga. 545 (1 b) (165 SE 598). Thus, in order to comply with this Act and at the same time meet its budget the county would be required to increase its general tax levy or to encroach upon funds derived from taxes by an amount equal to the sums paid over to the Board of Education, and would thus be doing by indirection the very thing the Constitution in Art. VIII, Sec. XII, Par. I forbids to be done directly. We hold, therefore, that the Act approved February 28, 1956 (Ga. L. 1956, p. 2764), is unconstitutional and void as being in violation of Art. VIII, Sec. XII, Par. I of the 1945 Constitution of the State of Georgia.

Under the foregoing ruling, it is unnecessary to consider any of the other attacks made upon the Act. It follows that the trial court erred in denying the plaintiffs' mo-

tion for a summary judgment and in granting the defendants' motion for a mandamus absolute.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED NOVEMBER 9, 1971—DECIDED FEBRUARY 11, 1972—
REHEARING DENIED FEBRUARY 28, 1972.

*George P. Dillard, Robert E. Mozley, Herbert O. Edwards,* for appellants.

*Murphy Candler, Jr., Gary M. Sams,* for appellees.

GUNTER, Justice, dissenting. The controversy below involves the constitutionality of a 1956 population Act (Ga. L. 1956, pp. 2764, 2765) and, if constitutional, then its interpretation.

The 1956 Act was originally applicable only to Fulton County. By the 1970 census it is applicable also to DeKalb County. The Act requires the County Board of Commissioners to pay to the County Board of Education "from any funds held by or available to Commissioners of Roads and Revenues thereof and derived from sources other than taxation" the sum of $30,000 per month. This payment by the Board of Commissioners is in addition to taxes levied in the county for school purposes.

The DeKalb County Board of Commissioners brought a declaratory judgment action contending that the 1956 Act is unconstitutional, but that if the Act is held to be constitutional, then the county does not have revenues from sources other than taxation, unallocated to other legal county purposes, with which to make the monthly payment.

The County Board of Education filed defensive pleadings which included a cross complaint seeking a mandamus absolute against the County Board of Commissioners requiring it to make the monthly payment as provided for in the Act.

The Board of Commissioners filed a motion for summary judgment. The trial judge denied the motion for summary judgment, held the 1956 Act to be constitutional, and

granted the Board of Education's prayer for a mandamus absolute requiring the monthly payment by the Board of Commissioners to the Board of Education.

I agree that the denial of the motion for summary judgment was proper, the ruling holding the 1956 Act to be constitutional was proper, but that the trial court committed error in granting a mandamus absolute. I would reverse the judgment for the reasons hereinafter stated.

The motion for summary judgment was based solely upon the unconstitutionality of the 1956 Act. Since I consider the 1956 Act constitutional, it was proper to deny the motion for summary judgment.

I interpret the language in the 1956 Act to mean that the Board of Commissioners shall, on demand, pay to the Board of Education the stipulated sum from any funds held by or available to the Commissioners of Roads & Revenues thereof and derived from sources other than taxation provided the Board of Commissioners holds or has such funds available which are not allocated to other legal county purposes. Whether or not there are such unallocated funds held or available to the Board of Commissioners is a question of fact.

If this language in the Act is interpreted in this way, then plainly the Act is constitutional, because it does not *require* the payment of revenues in excess of the constitutional amount that can be levied for school purposes by a county.

If a construction can be placed upon a statute which will save it from being declared unconstitutional, it is the duty of the courts to adopt such construction and thus save the Act from collision with organic law. *Bennett v. Wheatley*, 154 Ga. 591 (115 SE 83).

It was error, however, to grant a mandamus absolute in favor of the Board of Education requiring the Board of Commissioners to pay the stipulated monthly sum. A question of fact remains to be determined in the court below. If the Board of Commissioners has funds being held by it or available to it and unallocated for other legal county pur-

poses, then it should be required to pay to the Board of Education from such unallocated funds the stipulated monthly sum or such portion thereof as it may be able to pay.

It follows that I would reverse the judgment only for the reason stated herein.

I respectfully dissent.