28051. CITY OF LITHONIA v. DEKALB COUNTY BOARD OF EDUCATION et al.

ARGUED JULY 11, 1973 — DECIDED SEPTEMBER 21, 1973 — REHEARING DENIED OCTOBER 4, 1973.

*Swertfeger, Scott, Pike & Simmons, Thomas L. Scott, M. H. Blackshear, Jr., Richard P. Decker,* for appellant.

*Weeks, Candler & Sams, Robert Walling,* for appellants.

*Joe M. Harris, Jr., Theodore G. Frankel, George P. Dillard,* amicus curiae.

GRICE, Presiding Justice. We are called upon here to construe certain provisions of the Georgia Constitution in light of the contention that a local amendment thereto (Ga. L. 1972, p. 1490 et seq.) was not properly ratified by the voters who were directly affected by it.

The issue arose when the City of Lithonia filed an action for declaratory judgment in the Superior Court of DeKalb County against the DeKalb County Board of Education and its individual members.

The complaint alleged essentially that the plaintiff is a municipal corporation located wholly within DeKalb County, Georgia; that the city licenses and taxes the sale of wine, beer and distilled liquor and derives revenue and license fees therefrom; that the General Assembly at its 1972 Session proposed an amendment to Art. VIII, Sec. XII, Par. I of the Georgia Constitution (Code Ann. § 2-7501) which is set out in House Resolution No. 859-2043 (Ga. L. 1972, p. 1490 et seq.), copy attached; and that the proposed amendment is a local constitutional amendment within the meaning of Art. XIII, Sec. I, Par. I of the Georgia Constitution (Code Ann. § 2-8101).

The proposed amendment was "to provide for DeKalb County to levy a tax on the wholesale sales and to levy excise tax and licenses, or both, on the retail sale of alcoholic beverages, liquors, malt beverages and wines; . . . to provide for each municipality located wholly within the county to either levy a tax or to impose a license,

or both, for the aforesaid purposes; . . . to remit one-half of the net taxes and license fees collected thereon to the Board of Education of the school system providing local education facilities in the area from which such license fees and taxes are collected; . . . to provide for the submission of this amendment for ratification or rejection; and for other purposes."

The complaint further recited that at the regular general election held throughout the state on November 7, 1972, the proposed amendment was submitted to the voters of DeKalb County as a whole, including those voters in precinct 107 which includes the City of Lithonia, but also includes certain portions of unincorporated DeKalb County; that the proposed amendment was not separately submitted to the people of Lithonia as a political subdivision directly affected and the votes of the electors of the City of Lithonia were not tallied or counted separately from the votes of the precinct as a whole, so that it is impossible to determine whether the proposed amendment received the vote of the majority of the electors voting within the City of Lithonia; and that on December 7, 1972, the Secretary of State certified to the Governor that the amendment in question here received 72,631 yes votes and 26,047 no votes, but the municipalities wholly within DeKalb County were not tabulated separately. A copy of the certificate issued by the Secretary of State was attached to the complaint.

It was also stated that notwithstanding that it is impossible to determine whether the amendment received the vote of the majority of the electors voting within the City of Lithonia, the defendants insist that the amendment has been validly adopted and that they are entitled to one-half of all revenue derived from the licensing or taxation of the sale of alcoholic beverages, liquors, malt beverages and wine after deducting cost of collection; that the appropriate constitutional procedure as provided by Code Ann. § 2-8101 et seq. was not followed with regard to the purported adoption of the amendment and the procedure followed was unconstitutional; and that unless restrained and enjoined the defendants will continue to insist that the City of Lithonia pay over such revenues.

The parties stipulated the pertinent facts set forth in the complaint concerning the submission of the proposed amendment to the electors and the tally of the votes; that "an actual controversy exists between the City of Lithonia and the DeKalb County Board of Education as to whether or not the constitutional amendment. . . was adopted on proper constitutional procedure";

and that no sums due under the amendment would be required to be paid over until determination by the court of the complaint for declaratory judgment.

Subsequently the defendants filed a response contending in substance that there was no requirement that the local constitutional amendment be submitted separately to the electors residing in the City of Lithonia, or counted separately, because it related to "local taxation for the benefit of education, and, as such, authorizes monies to be collected and spent exclusively for educational purposes for the equal benefit of all residents within each school district affected by said amendment, to wit: the DeKalb County School District (which includes all of DeKalb County except Decatur and Atlanta in DeKalb County) and the City of Decatur School District, an independent system"; and that the constitutional amendment was properly ratified in the 1972 General Election by the voters of each affected school district in accordance with Art. XIII, Sec. I, Par. I (Code Ann. § 2-8101).

The defendant Board of Education prayed that the answer be sustained and the complaint be dismissed for failure to state a claim; that the court declare the amendment to have received a majority of votes in each school district directly affected and therefore to have been properly approved and ratified; and that it have judgment against the City of Lithonia for all monies due under the terms of the amendment.

Upon the hearing the plaintiff city moved for a judgment on the pleadings and the defendants made a cross motion in their favor for a judgment on the pleadings. Thereupon the trial court found that the amendment was properly ratified within the meaning of Art. XIII, Sec. I, Par. I of the Georgia Constitution (Code Ann. § 2-8101) and was a valid constitutional amendment to Art. VIII, Sec. XII, Par. I (Code Ann. § 2-7501), dealing with local taxation for education within each school district.

We agree with the trial court.

The constitutional provision sought to be amended here provides as follows: "The fiscal authority of each county shall annually levy a school tax for the support and maintenance of education, not greater than 20 mills per dollar as certified to it by the county board of education, upon the assessed value of all taxable property within the county located outside any independent school system or area school district therein. The independent school system of Chatham County and the City of Savannah being co-extensive with said county, the levy of said tax shall be on all property in said

county as recommended by the governing body of said system. The certification to be made by an area board of education to the fiscal authorities of the territories comprising an area school district shall be in such amount and within such limits as may be prescribed by local law applicable thereto, and upon such certification being made it shall be the duty of such fiscal authorities to levy such tax in accordance with such certification, but such levy shall not be greater than 20 mills per dollar upon the assessed value of the taxable property therein. School tax funds shall be expended only for the support and maintenance of public schools, public education, and activities necessary or incidental thereto, including school lunch purposes." Code Ann. § 2-7501, supra.

At the outset it should be noted that in *Comrs. of Chatham County v. Savannah &c. Co.,* 215 Ga. 636 (112 SE2d 655) and *Harrison v. May,* 228 Ga. 684 (187 SE2d 673) (1 Justice dissenting) this court interpreted the above constitutional provision as prohibiting the statutory authorization of school districts to receive funds from sources other than ad valorem taxes. Thus it is clear that without ratification of the proposed constitutional amendment it would be unconstitutional for the DeKalb County school districts to receive revenues from a portion of the alcoholic beverage taxes collected by the county and municipalities.

The constitutional attack here made by the City of Lithonia upon the proposed constitutional amendment is not predicated upon any substantive ground or on any defect in the language of the proposal. Basically the city contends that no proposed amendment which allows the sharing of alcoholic beverage taxes on sales in cities can be validly ratified without the approval of the majority of the voters in each and every municipality in DeKalb County.

However, the proposed amendment could not have been properly submitted in this manner. It would have permitted the municipalities situated in the school districts to reject it, while permitting the licenses and taxes to be levied in the unincorporated areas of DeKalb County. Such a result would be a patent violation of the due process and equal protection clauses of the State and Federal Constitutions by taxing only the citizens of unincorporated DeKalb County while allowing the residents of the municipal areas therein to receive the same benefits as those in the unincorporated areas, but not pay the same tax. See in this connection, *Richmond County v. Richmond County Business Assn.,* 228 Ga. 281 (2) (185 SE2d 399).

Art. XIII, Sec. I, Par. I (Code Ann. § 2-8101) sets forth the procedure by which proposals to amend the State Constitution are submitted to the voters. It requires that local amendments, such as that here, "shall only be submitted to the people of the political subdivision or subdivisions directly affected."

That school districts are political subdivisions within the meaning of Art. XIII, Sec. I, Par. I is established by *Towns v. Suttles,* 208 Ga. 838 (69 SE2d 742) and *McCullers v. Williamson,* 221 Ga. 358 (144 SE2d 911). ·

The DeKalb County School District encompasses several municipalities, but since they do not levy taxes for school purposes and the proposed amendment sought to provide an additional tax source for school purposes, the essential question here presented is whether or not the *school district* is "the political subdivision directly affected" by the amendment.

The city argues that *it* was the political subdivision which was directly affected by the amendment in question since it possesses state-granted liquor powers, and that therefore the voters of the city should have had the opportunity to pass upon the question submitted to the people of the county *apart* from the electors of the county as a whole. It contends that since the amendment was not separately submitted to the political subdivision directly affected, such as the City of Lithonia, in violation of the above constitutional provision, the amendment did not become a part of the Constitution and thus could not bind the governing authority of DeKalb County so as to require it to turn over one-half of the city's liquor license revenues as provided in the amendment.

We cannot agree with that interpretation.

In our view, the words "directly affected" must be interpreted in a constitutional sense so that the body of constitutional law which applies to the political subdivision will be changed by the ratification of the proposed amendment. Unless this test is met the proposed amendment adds nothing to the constitutional law already in existence and the political subdivision is not directly affected in the constitutional sense of Art. XIII, Sec. I, Par. I (Code Ann. § 2-8101). See in this regard, *Smith v. State of Ga.,* 217 Ga. 94, 101 (121 SE2d 113); *Camp v. Metropolitan Atlanta Rapid Transit Authority,* 229 Ga. 35, 37 (189 SE2d 56).

Clearly the constitutional test is met here because the proposed amendment allows the school districts to receive additional revenues for school purposes from a source other than ad valorem taxes, which was previously the only constitutionally allow-

ed source.

On the other hand, the test which the city would have this court apply is nothing more than a "pocket book" test, based upon the reduction of its tax revenues. However, the proposed amendment makes no change in any constitutional provision relating to the sale or taxation of alcoholic beverages in the City of Lithonia, or any other municipality or political subdivision, and the city has no vested constitutional right to have its alcoholic beverage revenues maintained at any particular level.

It is therefore clear that the proposed amendment had to be drafted to include all areas within the DeKalb County school districts and ratified by the voters of each school district therein on a consolidated basis.

The trial court correctly concluded that the DeKalb County School District and the City of Decatur School District were the only political subdivisions directly affected by the local constitutional amendment. It follows that there was likewise no error (1) in granting the cross motion for judgment on the pleadings by the DeKalb County Board of Education and denying the motion for judgment on the pleadings by the City of Lithonia; (2) in holding that the local amendment was properly ratified according to the requirements of Art. XIII, Sec. I, Par. I (Code Ann. § 2-8101); and (3) also in holding that the proposed amendment constituted a valid local constitutional amendment to Art. VIII, Sec. XII, Par. I (Code Ann. § 2-7501) dealing with local taxation for education.

*Judgment affirmed. All the Justices concur. Gunter, J., concurs in the judgment only.*