MEADOWS *et al. vs.* TAYLOR *et al.*

The statute providing for elections respecting fences and stock-law in and for a single militia district, makes no provision for a counter-petition, or for any contest or hearing before the ordinary. The ordinary's action upon such a petition is ministerial, not judicial, and *certiorari* will not lie for the correction of any error or mistake in his conduct.

July 8, 1889.

*Certiorari.* Elections. Fences. Stock-law. Ordinary. Practice. Before Judge KIBBEE. Pulaski county. At chambers, December 15, 1888.

Petitioners sought, under the code, §§1449–1455, to make the provisions of the stock-law operative in a certain militia district. They were met by a counter-petition; and a hearing of the issue thus formed was

had before the ordinary, who thereupon ordered an election to be held. A writ of *certiorari* was applied for and denied, the judge of the superior court holding that there is no provision of law for a counter-petition and hearing where it is sought to submit the question of fence or no fence to the voters of a militia district, though there is such a provision when the issue is to be submitted to the voters of the county; and that the act of 1883, amendatory of the act of 1880–81, indicates that the legislature did not intend that the action of the ordinary should be interfered with, but is to be conclusive so far as ordering the election is concerned. The counter-petitioners excepted.

MARTIN & SMITH, for plaintiffs in error.

No appearance *contra.*

BLECKLEY, Chief Justice.

The judge correctly construed the statutes providing for elections respecting fences and stock-law in and for a single militia district. No provision is made for a counter-petition, or for any contest or hearing before the ordinary. The direction of the legislature to him is to perform certain ministerial acts on certain conditions, and these he is to perform without judicial interference at the instance of any citizen or number of citizens. It may be that if the preliminary conditions are not complied with, his action, and all that may be done in pursuance thereof, will be void. *Metcalf vs. The State*, 76 *Ga.* 308. But this consequence, if it be a consequence, affords no reason for entertaining a remedy by *certiorari* to control or supervise his ministerial conduct. Only judicial acts are amenable to such review. For the statutory provisions applicable see the citations in the official report.

Judgment affirmed.