28191. MONTGOMERY *v.* GULLATT *et al.*, tax-assessors.

DECIDED APRIL 18, 1940.

*Hirsch, Smith & Kilpatrick, Welborn B. Cody, Louis Regenstein Jr.*, for plaintiff in error.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. Northcutt, Standish Thompson*, contra.

SUTTON, J. The board of tax-assessors of Fulton County, Georgia, assessed for taxation against L. F. Montgomery, a resident of Fulton County, Georgia, certain shares of Coca-Cola stock for the years 1936 and 1937, which stock it was claimed had not been returned for taxation for the years stated. L. F. Montgomery demanded an arbitration as provided for by the Code, § 92-6912; and to the decision of the majority of the board of arbitrators he sued out a certiorari to the superior court of Fulton County. After a consideration of the certiorari the judge of the superior court overruled the same and affirmed the findings of the board of arbitrators, and the exception here is to that judgment. The Code, § 92-6912, provides that a majority of the arbitrators "shall fix the assessments and the property on which said taxpayer shall pay taxes, and said decision shall be final, except as far as the same may be affected by the findings and orders of the State Revenue Commission as hereinafter provided." The value of property for the purpose of taxation is to be ascertained and determined by the legally

constituted authorities set up and established for that purpose; and an assessment made by such authorities in the manner provided by law, in the absence of fraud or collusion, is final and conclusive upon the question of value as a basis for taxation for the time being. *City Council of Augusta* v. *Pearce*, 79 *Ga.* 98 (4 S. E. 104) ; *Bower* v. *Bainbridge*, 116 *Ga.* 794 (43 S. E. 67). Under the above cited Code section the two decisions just cited, and the decision of this court in *Allied Mortgage Companies Inc.* v. *Gilbert*, 62 *Ga. App.* 843 (9 S. E. 2d, 913) the decision of the board of arbitrators was a ministerial act, and was not subject to review by certiorari. Therefore the judge of the superior court should have dismissed the certiorari instead of overruling the same. The judgment is affirmed, with direction that the judge of the superior court enter an order dismissing the certiorari, instead of overruling it. See *Little* v. *McCalla*, 20 *Ga. App.* 324 (7) (93 S. E. 37).

*Judgment affirmed, with direction. Felton, J., concurs. Stephens, P. J., concurs in the judgment.*