27603. ALLIED MORTGAGE COMPANIES INC. *v.* GILBERT *et al.,* tax-assessors.

DECIDED APRIL 18, 1940. REHEARING DENIED JULY 16, 1940.

*Hirsch, Smith & Kilpatrick, Welborn B. Cody, Louis Regenstein Jr.,* for plaintiff in error. *Walter C. Hendrix, E. H. Sheats, W. S. Northcutt, Spalding, Sibley, Troutman & Brock, Standish Thompson,* contra.

FELTON, J. In answer to a certified question from this court in this case the Supreme Court, in *Allied Mortgage Companies Inc. v. Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45), held that the authority vested in boards of arbitrators provided for by the Code, § 92-6912, did not include the authority to entertain or determine questions of taxability of property, and that the only power with which the arbitrators are vested is the power to fix the valuation of property. It follows that such power, which is identical with that of tax-assessors generally, as respects the power to fix the value of property, is a

844

ministeral act. *Bower* v. *Bainbridge,* 116 *Ga.* 794 (43 S. E. 67); *City Council of Augusta* v. *Pearce,* 79 *Ga.* 98 (4 S. E. 404). Since the board of arbitrators is clothed exclusively with purely ministerial powers any act performed by them is conclusively presumed to be ministerial so far as a review of their acts is concerned. *Southeastern Greyhound Lines* v. *Public-Service Com.,* 181 *Ga.* 75 (181 S. E. 834). It was error to overrule the motion to dismiss the certiorari.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., concurs in the judgment.*