31184. BROCKETT *v.* MAXWELL, ordinary.

DECIDED APRIL 3, 1946.

*A. B. Conger,* for plaintiff in error. *Vance Custer,* contra.

PARKER, J. The controlling question in this case is whether the action of the ordinary in ascertaining and declaring the result of an election, held under the provisions of chapter 58-10 of the Code (Ann. Supp.), to determine whether the manufacture, sale, and distribution of alcoholic beverages and liquors in Decatur County shall be permitted or prohibited, is reviewable by the superior court on a writ of certiorari. The plaintiff in error contends that such action of the ordinary was judicial or quasi-judicial in character, and is reviewable by the superior court in the manner stated. This contention is based on the Code, § 19-201, which provides for the writ of certiorari to courts of ordinary, and on certain cases cited in counsel's brief. The contention of the ordinary, the defendant in error, is that her action in determining and announcing the result of the election was ministerial, and of a political nature, and that it was not judicial and is not subject to review by certiorari. This latter view was accepted by the trial court in refusing to sanction the petition for certiorari, and the case comes to this court on exceptions to that decision. The case was carried in the first instance to the Supreme Court, and was transferred by it to this court. See *Brockett* v. *Maxwell,* 200 *Ga.* (36 S. E. 2d, 638), where the facts are more fully set out.

The Code (Ann. Supp.), § 58-1006, is as follows: "The returns of the election held hereunder shall be made within three days after the election to the ordinary who shall ascertain and immediately declare the result after the receipt of the returns." Are the duties thus imposed upon the ordinary judicial or quasi-judicial in their nature and general character, or are they merely ministerial, executive, or administrative? If the ordinary acted judicially in receiving the returns and in determining and declaring the result of the election, her action is subject to review by certiorari; but if she acted ministerially, or in an executive or administrative capacity, the writ will not lie to test the legality of her action.

It is well-settled that as a general rule the writ of certiorari lies to correct errors of inferior courts and officers acting judicially only; and the writ will not be issued to officers whose functions and duties are ministerial, executive, or legislative, and not judicial. See Mecham on Public Offices and Officers, p. 666, § 1001. "The fact that a public agent [or official] exercises judgment or discretion in the performance of his duty does not make his action or his functions judicial." Id. 668, § 1005. "It is difficult, if not impossible, precisely to define what are judicial or quasi-judicial acts, and there is considerable conflict in the decisions in regard thereto, in connection with the law as to the right to a writ of certiorari. It is clear, however, that it is the nature of the act to be performed rather than the office, board, or body which performs it, that determines whether or not it is the discharge of a judicial or a quasi-judicial function." 11 C. J. 121, § 68. A judicial action has been defined as "an adjudication upon the rights of parties who in general appear or are brought before the tribunal by notice or process, and upon whose claims some decision or judgment is rendered." In re Saline County Subscription, 45 Mo. 52 (100 Am. D. 337). The fact that the ordinary conducted a hearing in the nature of a contest before determining and announcing the result of the election does not destroy the ministerial character of the act. "An act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act." 34 C. J. 1181, § 6.

These general rules of law have been recognized and applied

by Georgia courts. In *Meadows* v. *Taylor,* 82 *Ga.* 738 (10 S. E. 204), it was held that the action of the ordinary in ordering an election under the provisions of the stock law was ministerial and not judicial, and that certiorari would not lie for the correction of any error or mistake in his conduct. In *Bower* v. *Bainbridge,* 116 *Ga.* 794 (43 S. E. 67), it was held that certiorari does not lie to the decision of the mayor and aldermen in determining the value of property for the purpose of assessing taxes. In *Daniels* v. *Commissioners of Pilotage,* 147 *Ga.* 295 (93 S. E. 887), it was held that the refusal by the Commissioners of Pilotage for the Bar of Tybee and the River of Savannah, to authorize licensed pilots to operate a boat under certain stated conditions, was not the exercise of a judicial function, and that the writ of certiorari would not lie to such refusal. In *City of Augusta* v. *Loftis,* 156 *Ga.* 77 (118 S. E. 666), a ruling of the board of health on appeal to review a ruling of a plumbing inspector was held not to be a judicial act, and that certiorari would not lie. It was held in *Bryant* v. *Board of Education,* 156 *Ga.* 688 (119 S. E. 601), that, "Certiorari is an appropriate remedy to review the judgment of an inferior judicatory only when such tribunal exercises judicial or quasi-judicial powers." In *Southeastern Greyhound Lines* v. *Georgia Public-Service Commission,* 181 *Ga.* 75 (181 S. E. 834, 102 A. L. R. 517) ; s.c. 52 *Ga. App.* 35 (182 S. E. 204), the act of the Georgia Public-Service Commission in revoking a certificate of public convenience and necessity was held to be the exercise of administrative power, and not a judicial function, and a writ of certiorari would not lie. In the recent case of *South View Cemetery Assn.* v. *Hailey,* 199 *Ga.* 478 (34 S. E. 2d, 863), it was ruled that the statute giving certain county commissioners power to grant or refuse permission to establish cemeteries confers "executive duties" and not "judicial duties" on commissioners, and the refusal of a permit was not reviewable by certiorari.

In *Allied Mortgage Companies Inc.* v. *Gilbert,* 62 *Ga. App.* 843 (9 S. E. 2d, 913), and upon the answer to a question certified by this court to the Supreme Court (189 *Ga.* 756, 8 S. E. 2d, 45), we held that the power to fix the valuation of property for taxing purposes, vested in boards of arbitrators under the Code, § 92-6912, was ministerial and not reviewable by certiorari. The statute under construction in this case requires only that the

ordinary shall receive the returns of any election held under the act, and ascertain and immediately declare the result thereof. Code, § 58-1006. No method or manner by which the ordinary may determine and announce the result of an election is provided; and there is no provision in the statutes for a contest or other hearing before the ordinary. Under the plain language of the law, we think it is clear that the acts of the ordinary complained of were not judicial, but were ministerial or administrative, and that they are not reviewable by certiorari.

The court properly refused to sanction the certiorari for another reason. Elections are under the political branch of the government, and ordinarily are beyond the control of the judicial power; and until the courts are empowered to act, they will refrain from interference. *Harris* v. *Sheffield,* 128 *Ga.* 299, 303 (57 S. E. 305). It is also a rule of law that, where a tribunal has been invested with power to declare the result of an election, its decision is conclusive in the absence of a provision for a review. *Woodward* v. *State,* 103 *Ga.* 496, 499 (30 S. E. 522). In a case involving the question whether the ordinary could be compelled by mandamus to hear a contest over the result of a stock-law election in a particular militia district, the Supreme Court said: "It is entirely discretionary with the legislature whether or not it will provide a statutory method for contesting the result of an election; and unless it clearly appears that it has done so, such a method does not exist. The ordinary of a county certainly has no power to hear and determine the questions raised by a contest over an election, unless it has been conferred upon him by some statute of the State." *Harris* v. *Perryman,* 103 *Ga.* 816, 817 (30 S. E. 663). It has also been held that the decision of an ordinary, in a municipal officer's election contest, filed with and heard by him, is not a judicial decision, and that the superior court did not err in refusing to sanction a certiorari to review it. *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103). There are many other cases applying these rules of law, but we think it needless to cite more. Under the rulings in the authorities referred to herein, as applied to the facts of this case, we think it clear and plain that the ordinary was acting, in ascertaining and declaring the result of the election, in a ministerial capacity, and as a political officer dealing with a political matter, and that her actions were not subject to review by certiorari.

The cases cited and mainly relied on by counsel for the plaintiff in error are *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247) , *Town of Roswell* v. *Ezzard,* 128 *Ga.* 43 (57 S. E. 114), *County of DeKalb* v. *Atlanta,* 132 *Ga.* 727 (65 S. E. 72), and *Tolbert* v. *Long,* 134 *Ga.* 292 (67 S. E. 826). Each of these cases involved an injunction, an action in equity, and property rights, and sought to enjoin action under an alleged invalid ordinance or act, or proceedings alleged to be illegal; whereas the case at bar is an action at law, and does not involve property rights—the sale of spirituous liquors being a privilege and not a right, under the Code (Ann. Supp.), § 58-1068—and does not involve any alleged invalid legislative act or ordinance. Manifestly the cases cited by counsel for the plaintiff in error do not require a different ruling in this case.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*