## 26862. CHICAGO TITLE INSURANCE COMPANY v. NASH et al.

GUNTER, Justice. This appeal results from a ruling in the trial court against Chicago Title Insurance Co. holding that a DeKalb County ordinance which levies license taxes "on all persons, firms and corporations doing business in the unincorporated area of said county" is applicable to Chicago Title.

Chicago Title brought an action for declaratory judgment and injunction against certain DeKalb County officials seeking a declaration that the ordinance levying license taxes is not applicable to it because it has not been and is not "doing business in the unincorporated area" of DeKalb County; the complaint also made certain constitutional attacks on the ordinance, on a local enabling Act of the legislature which authorized the ordinance, and on a local constitutional amendment applicable to DeKalb County which initially authorized the enabling Act passed by the General Assembly; and the complaint sought an injunction which would prevent DeKalb County officials from collecting the license taxes levied by the ordinance from Chicago Title.

It is Chicago Title's contention that it has not been and is not "doing business" in the unincorporated area of DeKalb County. It is the contention of the county officials that Chicago Title issues policies of title insurance on real estate located in the unincorporated area of DeKalb County, and that because of this it necessarily follows that Chicago Title solicits, negotiates, etc., in the unincorporated area of the county, all of which taken together constitutes "doing business" in the unincorporated area of the county.

The trial court heard and decided this case on the basis of Chicago Title's sworn complaint as amended, affidavits submitted by Chicago Title, the county officials' sworn answer, and the county officials' motion to dismiss. Deci-

sion in this manner constituted a ruling on motions for summary judgment. *Code Ann.* § 81A-112 (b) (Ga. L. 1966, pp. 609, 622, as amended).

The trial court found as a matter of fact that Chicago Title does not have an office and place of doing business in the unincorporated area of DeKalb County; Chicago Title writes policies of title insurance through agents whose offices are situated within some municipal boundary; Chicago Title does write policies of title insurance on property situated in the unincorporated area of DeKalb County, collects title insurance premium fees from persons who own property in the unincorporated area, solicits through its agents and others the sale of title insurance policies on titles of property situated in the unincorporated area, conducts such preliminary negotiations as it deems appropriate before the issuance of such policies, and transacts such matters as may be necessary to effectuate the contract of insurance or to investigate claims that might arise under such title policies.

The trial court then concluded as a matter of law, based on the foregoing findings of fact, that Chicago Title was "doing business" in the unincorporated area of DeKalb County as contemplated by the ordinance, the enabling Act, and the local constitutional amendment.

The trial court also concluded as a matter of law that none of the laws attacked was unconstitutional.

It must be noted that the trial judge did not find as a fact that Chicago Title solicited, negotiated, or transacted in the unincorporated area, but that it merely solicited, negotiated, and transacted with respect to property situated in the unincorporated area. The findings of fact are silent as to where the soliciting, negotiating, and transacting by Chicago Title took place.

If the soliciting, negotiating, and transacting by Chicago Title took place within the incorporated limits of a municipality within DeKalb County, then we are of the

opinion that it was not "doing business" in the unincorporated area of DeKalb County. Soliciting, negotiating, and transacting with respect to policies of title insurance to be issued or already issued on real estate located in the unincorporated area does not constitute "doing business" in the unincorporated area so long as the soliciting, negotiating, and transacting occurs within the corporated limits of a municipality.

Since the trial court did not find that Chicago Title was soliciting, negotiating, or transacting in the unincorporated area of the county, and since we do not find evidence in the record that would support such a finding of fact, it follows that the trial court committed error in concluding that Chicago Title was "doing business" in the unincorporated area of DeKalb County.

The mere issuing of title policies on real estate located in the unincorporated area of DeKalb County does not constitute "doing business" in such unincorporated area. And that part of the county's ordinance that attempts to levy license fees on insurance companies that receive or collect premiums on policies issued on property located in the unincorporated area of the county, is ineffective and illegal as being in excess of the authorization given in the local constitutional amendment. The local constitutional amendment only authorized the levying of license taxes on parties "doing business" in the unincorporated area of the county.

The affidavits submitted by Chicago Title showed very clearly that the only policies of title insurance issued by it on real estate in the unincorporated area of DeKalb County were issued by its two agencies in the City of Decatur and in the City of Atlanta. The affidavits further showed that these agencies, located within municipalities, issued such policies "based on examinations made by members of the bar." The Georgia Insurance Code, § 56-801b (10 b) (Ga. L. 1960, pp. 289, 426), provides that the terms agent, broker, solicitor, counselor and adjuster shall not include an attorney advising

clients as to insurance as a function incidental to the practice of law.

We do not find any evidence in the record to indicate that any agent of Chicago Title was engaged in soliciting, negotiating, or transacting any title insurance business within the unincorporated area of the county. We therefore conclude that the evidence demanded the entry of a summary judgment in favor of Chicago Title.

From the foregoing it is obvious that it is unnecessary to consider the constitutional questions raised by Chicago Title.

Chicago Title is entitled to judgment in its favor and the injunctive relief prayed for.

*Judgment reversed. All the Justices concur.*

ARGUED DECEMBER 14, 1971—DECIDED FEBRUARY 28, 1972—REHEARING DENIED MARCH 9, 1972.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley, Arthur K. Bolton, Attorney General,* for appellees.