27315. DeKALB COUNTY v. EMPIRE DISTRIBUTORS, INC. et al.

ARGUED JULY 11, 1972—DECIDED SEPTEMBER 7, 1972—
REHEARING DENIED SEPTEMBER 25, 1972.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*Rich, Bass, Kidd & Broome, Robert K. Broome, Casper Rich, Arthur K. Bolton, Attorney General,* for appellees.

GRICE, Presiding Justice. The essential issue here is whether DeKalb County may constitutionally levy license fees upon Empire Distributors, Inc., and other wholesale dealers in alcoholic beverages and liquors, who are licensed and domiciled outside the county, for "doing business"

within the county by delivery and sale to retailers therein. The appellees, who were plaintiffs in the trial court, sought a declaratory judgment and injunction in the Superior Court of DeKalb County. They received a favorable judgment.

Their complaint made the essential allegations which follow.

The plaintiffs are corporations or partnerships having offices, agents and places of doing business in Fulton County, Georgia, and that none of them has an office, agent or place of doing business in DeKalb County; that each named wholesaler desires to sell from its Fulton County warehouse on a wholesale basis alcoholic beverages to duly licensed retailers in DeKalb County; that each plaintiff is duly licensed either by the City of Atlanta or by Fulton County as a wholesaler of alcoholic beverages; and that all of the plaintiffs deal with products that cross state lines and are doing business in interstate commerce.

The complaint further alleged that the method of operation, without exception, is that a traveling salesman of each plaintiff solicits orders from all retail establishments and as these orders are received they are processed at their Fulton County offices; that when these orders are delivered, the driver or deliveryman collects for the merchandise delivered; that at no time are credit sales made; that these deliverymen are not authorized to take orders, make sales or conduct any other business in DeKalb County other than as above specified; and that because of this method of doing business the plaintiffs do not do business within DeKalb County.

The plaintiffs also asserted that on February 25, 1972, the Board of Commissioners of DeKalb County passed an ordinance, setting forth its pertinent portions, which requires wholesale dealers in spirituous liquors to pay DeKalb County a business license fee of $5,000 a year; that each of them was being required by DeKalb County to obtain a license to do business therein before delivering its wares and merchandise and to pay the prescribed fee; that

these requirements to obtain a license and pay the fee are illegal but that DeKalb County contends that they are legal; and that on March 16, 1972, they notified DeKalb County of their contentions and the county is threatening to prosecute them criminally if they should make their deliveries without first obtaining said license and to issue fi. fa.'s against each of them and levy against any of their property found in DeKalb County.

The complaint alleged that there is a justiciable issue between the parties which is the proper subject for declaratory judgment; and that unless the county is restrained and enjoined from proceeding as outlined the plaintiffs will be irreparably damaged, for they have no adequate remedy at law.

The plaintiffs asserted that the enforcement of the ordinance as to each of them is unconstitutional in that (1) DeKalb County has no authority to impose a tax or license upon a non-domiciled company not doing business within the county; (2) that it is in violation of the Commerce Clause of the United States Constitution (Art. I, Sec. VIII, Par. III) as a burden on the flow of interstate commerce; and (3) that it deprives them of their property without due process of law in violation of Article I, Section I, Paragraph III of the Georgia Constitution. It is further contended that the ordinance is itself invalid for the reasons given.

The prayers, in essence, were for process; that the ordinance be declared unconstitutional; that DeKalb County together with the named County Commissioners be enjoined and restrained from enforcing collection of the license fee until further order of the court; that rule nisi issue and a hearing be held thereon; that the county be restrained and enjoined from enforcing the ordinance against them; and for general relief.

A temporary restraining order was granted and the matter set down for a hearing. Subsequently, the defendant county filed its answers and defenses.

The first defense was a motion to dismiss for failure to state a claim for which relief could be granted. The second

was that the complaint did not state a claim in equity and that the plaintiffs did not come into court with clean hands and are thus not entitled to equitable relief. The third was that the complaint did not state a claim for declaratory judgment since there was no justiciable controversy and nothing was alleged to show any grounds for doubt as to the future conduct of the parties. The fourth was that the plaintiffs have an adequate remedy at law which they did not pursue either by defending any action brought against them by DeKalb County or by affidavit of illegality against any fi. fa. that may be issued. The fifth was that the complaint seeks to unlawfully enjoin criminal prosecution and should be dismissed.

Upon a hearing where evidence was presented, the following judgment, insofar as necessary to recite here, was entered: ". . . Counsel for all parties consenting that the Court may consider matters outside the pleadings and treat the question in the nature of a summary judgment, . . . the defendant, DeKalb County be, and it is hereby, restrained and enjoined from enforcing the ordinance adopted by the Board of Commissioners on February 25, 1972, against the plaintiffs as to the collection of wholesale license fees as dealers in spirituous liquors. Paragraph 1 of said ordinance adopted on February 25, 1972, prescribing a license fee of $5,000 per year for wholesale dealers in spirituous liquors, in so far as the same shall apply to businesses domiciled without the County is hereby declared to be unconstitutional."

The judgment was entered and a certificate of immediate review granted on May 8, 1972. The appeal is from that judgment.

DeKalb County claims its authority for adopting the ordinance in question from a local constitutional amendment approved in 1958 which delegates to the county such power and authorizes "the licensing and regulation of business and the levying of license taxes on all persons, firms and corporations doing business in the unincorporated area of said county." (Ga. L. 1958, pp. 582-583)

Subsequent local Acts further broadened this language to authorize the county "To fix, levy and assess license fees, charges or taxes on all persons, firms and corporations engaging in' or offering to engage in any trade, business, calling, avocation or profession ... in the area of DeKalb County, Georgia, outside the incorporated limits of municipalities situated therein ..." Ga. L. 1956, p. 3237; as amended 1959, p. 2658; as amended 1963, pp. 3324, 3325.

However, in our view of the evidence offered upon the trial, the transactions carried on by the plaintiffs in DeKalb County do not constitute "doing business" therein and the county has no authority to impose such license fees upon them.

This testimony was, in essence, that the company sells at wholesale only; that it has a place of doing business in Atlanta, Fulton County, Georgia, but none located in DeKalb County; that the method of doing business in Fulton and DeKalb Counties was to send a salesman to solicit orders from retailers therein; that these orders were then taken to the warehouses or office in Fulton County; and that the merchandise sold was delivered in company owned trucks to DeKalb County by another employee.

The employee of one of the plaintiffs testified that prior to January 1, 1972, no whiskey was sold by his company at wholesale in DeKalb County; that since the adoption of the ordinance and the filing of the present lawsuit it had sold whiskey at wholesale in DeKalb County but had refused to obtain a license from the county; and that the basis for its refusal was that the company does not have a place of doing business in DeKalb County.

Also admitted into evidence as representative of all the plaintiffs was one company's application for a wholesale license and writings to the State Revenue Commissioner or the Department of Revenue from the various whiskey manufacturers appointing the plaintiffs as wholesale distributors for their products in DeKalb County.

Therefore the record shows without dispute that the plaintiffs are licensed by the Georgia State Department of

Revenue Alcohol Tax Unit and Fulton County, Georgia, as wholesale alcoholic beverage and liquor distributors; and that this business is carried on from their Fulton County offices from which they distribute all orders to retail dealers in Fulton, DeKalb and other Georgia counties where the sale of alcoholic beverages is permitted.

Thus we conclude that the ordinance in question does not apply to the plaintiffs in the transaction under investigation, because they are not doing business in DeKalb County as contemplated by the aforesaid constitutional amendment and statute.

This factor alone being decisive of the appeal, it is not necessary to deal with any of the other issues raised. Accordingly, we hold that the trial court correctly restrained and enjoined the defendant DeKalb County from enforcing the ordinance against them.

*Judgment affirmed. All the Justices concur.*