### 28175. CITY OF GAINESVILLE v. GEORGIA CROWN DISTRIBUTING COMPANY OF ATLANTA, INC. et al.

INGRAM, Justice. The appellees here sought a declaratory judgment and injunction in the Superior Court of Hall County declaring invalid and illegal an ordinance of the City of Gainesville and an attempt by the appellant city to collect thereunder a license fee from the appellees. The case was submitted to the trial court without the intervention of a jury on a stipulation of facts by the parties.

The ordinance of the City of Gainesville which the appellees sought to enjoin the city from enforcing against them levies a license fee upon wholesale dealers in malt beverages and wines; $100 is levied for a permit to distribute malt beverages and $100 is levied for a permit to distribute wine in the City of Gainesville. The appellees contend that they are protected against the levying and collection of such license fees by the City of Gainesville because their trade activities are within the provisions of Code Ann. §

92-4105, which provides: "The authorities of any municipal corporation shall not levy or collect any tax or license from: (a) a traveling salesman engaged in taking orders for the sale of goods when no delivery of goods is made at the time of taking such order; (b) A merchant or dealer, the situs of whose business is elsewhere, who delivers goods to either wholesale or customers in the municipality either on orders previously taken by his salesmen or on orders previously given directly to him by said wholesale or retail customers; or, (c) The employees of any merchant or dealer doing business in the municipality in a manner defined by subsection (b) above, who are engaged in the delivery of said goods to either wholesale or retail customers."

The appellant municipality contends that the appellees are not entitled to the protection of Code Ann. § 92-4105 because in view of stipulated facts in the case the appellees are "doing business" in the City of Gainesville. The facts as stipulated to the trial court are, in part, as follows: "Only merchandise previously ordered is delivered. The deliveryman collects for the order at the time of the delivery, and, if the retail merchant is unable to pay for the entire order at the time of delivery, only that portion of the order paid for is delivered. Regulations of the State Department of Revenue require that cash be paid for the product sold by these plaintiffs (appellees)." *Held:*

1. The provisions of Ga. L. 1950, pp. 185, 186 (Code Ann. § 58-739.5) do not authorize the imposition of this license fee by the city. That statute provides: "Where a wholesale dealer is licensed to do business in one city, or county, and *does business* in other cities and counties, no city or county other than the city or county in which the business is located shall charge a license fee against said wholesaler to exceed $100." (Emphasis supplied.)

We interpret this statute to mean that when the license fee is authorized, it may not exceed $100. But the statute still requires, for imposition of the license fee, that the wholesaler "does business" in a city or county other than where the wholesaler's business is located. The critical point, then, is whether the agreed stipulation of facts in this case required a finding by the trial court that the appellees were "doing business" in Gainesville.

We believe the facts as stipulated did not require a finding by the trial court that there had been established within the municipality a sufficient trade nexus upon which such municipality could base the invocation of its licensing power. See *DeKalb County v. Empire Distributors,* 229 Ga. 497 (192 SE2d

346). In *Fruit Co. v. City of Dalton,* 184 Ga. 277 (191 SE 130), this court held that where a dealer in beer at wholesale had its office and place of business in one county, and sold and delivered beer in another county only upon orders previously taken by its traveling agent, or salesman, the business so conducted was not subject to an ordinance imposing a license fee or tax on the dealer in beer at wholesale. See, also, *Gaissert v. State,* 186 Ga. 599 (198 SE 675). Code Ann. § 92-4105, as amended in 1962, embodies the rationale of these cases and the policy considerations upon which they are based.

2. We also reject the argument of counsel for appellant that the stipulated facts required a finding that delivery of lesser quantities of merchandise than the quantity originally ordered occurred from the deliveryman's discretion to make "on the spot" sales as opposed to the deliveryman's compliance with regulations of the State Revenue Commissioner that only merchandise paid for in cash by the retailer be delivered and collected for. See Georgia Department of Revenue, Rule 560-2-6-.12. The trial court found, and we agree, that the applicable regulation of the Department of Revenue removed the discretion of the deliveryman to make "on the spot" sales, and that in any event no evidence appeared in the stipulated facts requiring a finding that such sales were consummated within the City of Gainesville, this being only the place of delivery.

*Judgment affirmed. All the Justices concur. Gunter, J., disqualified.*

ARGUED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 8, 1973.

*Palmour & Palmour, J. E. Palmour, Jr.,* for appellant.
*Fred B. Kitchens, Jr., William P. Trotter,* for appellees.

