66175. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. DeKALB COUNTY.

SHULMAN, Chief Judge.

This appeal is from the grant of appellee's motion for summary judgment and denial of appellant's motion for summary judgment in this declaratory judgment action in which appellant sought to nullify a determination by the DeKalb County Board of Commissioners ("Board") that appellant is liable for business taxes pursuant to Section 7-1011 (1) of the DeKalb County Code. The matter was initiated by a complaint filed by the DeKalb County Revenue Collector with the Board, seeking an order and fi. fa. directing payment of the taxes. After a hearing, at which both appellant and appellee were represented, the Board issued an "order" finding appellant liable for the taxes and directing that a fi. fa. be issued against appellant for the amount of taxes due. Three months after the issuance of the Board's "order," appellant filed this declaratory action, in which it sought to nullify the Board's action on the following grounds: (1) appellant was not "doing business" within unincorporated DeKalb County and was thus not subject to license taxes at the relevant times; (2) as applied to appellant, the licensing ordinance has been preempted by state law; and (3) the licensing ordinance is unconstitutional.

Both appellee and appellant filed motions for summary

judgment in the trial court. The parties stipulated to the following facts: (1) appellant is an insurance company qualified to do business in Georgia; (2) appellant has an office in Rockdale County; (3) appellant maintains no office in DeKalb County; (4) appellant writes insurance policies on property within unincorporated DeKalb County; (5) appellant's agents take within DeKalb County applications for insurance from DeKalb residents but the applications are processed outside DeKalb; (6) appellant does not send its agents into DeKalb County for the purpose of generating or acquiring business; (7) appellant contacts DeKalb residents by mail or telephone regarding premiums and other policy servicing matters; and (8) appellant sends agents into DeKalb County to investigate and adjust claims.

The trial court found that appellant was "doing business" within the unincorporated area of DeKalb County and was thus subject to the business license ordinance. The trial court refused to address the constitutional issue raised by appellant, because appellant had not raised that issue before the Board. Appellant timely appealed from the order denying its motion for summary judgment and granting appellee's motion.

1. The threshold question presented by this appeal is whether appellant may attack the Board's action by a declaratory judgment action. Appellee argues that the Board's "order" constituted a decision of an inferior judicatory from which appellant should have petitioned for certiorari in the superior court. See OCGA §§ 5-4-3 (Code Ann. § 19-203) and 5-4-6 (Code Ann. § 19-209). Appellee contends, in response, that the Board lacked any judicial or quasi-judicial power to determine whether appellant had violated the licensing ordinance and that the proceedings before the Board were not, in fact, judicial or quasi-judicial in nature.

We agree that the proceedings before the Board were not judicial or quasi-judicial in nature. A similar contention was made by appellee and was rejected by the Supreme Court in *International Funeral Serv. v. DeKalb County,* 244 Ga. 707 (1) (261 SE2d 625). In that case, the plaintiffs appealed a decision of the DeKalb County Board of Zoning Appeals to the Board of Commissioners. After an adverse decision from the commissioners, the plaintiffs filed a complaint in superior court seeking declaratory and mandamus relief. The Supreme Court held that the plaintiffs therein had sought the proper relief and that certiorari was not applicable. The court noted that "[i]f certiorari were applicable . . . it would become necessary for the zoning authorities to have their proceedings recorded and transcribed. See [OCGA §§ 5-4-2 (Code Ann. § 19-201), 5-4-12 (Code Ann. § 19-402)]." Id., p. 709, fn. 3. As was noted in *South*

*View Cemetery Assn. v. Hailey,* 199 Ga. 478, 481 (34 SE2d 863), "it appears that the basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure . . . [T]he test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure."

The hearing before the Board in the present case was not transcribed or recorded, and is memorialized only by the minutes of the meeting. The minutes do not reflect that the hearing was conducted "in accordance with judicial procedure," and the ordinance does not give "appellant as a matter of right a trial in accordance with judicial procedure." *What It Is, Inc. v. Jackson,* 146 Ga. App. 574, 575 (246 SE2d 693). See also *Cantrell v. Board of Trustees &c. of Ga.,* 135 Ga. App. 445 (218 SE2d 97), affd. 237 Ga. 287 (227 SE2d 379); *Brockett v. Maxwell,* 73 Ga. App. 663 (38 SE2d 176), and cases cited therein. Under these facts, we cannot conclude that the hearing before the Board constituted a quasi-judicial proceeding from which certiorari was the appropriate remedy. Accordingly, the relief sought herein is proper. *International Funeral Serv.,* supra.

2. Appellant, in its third enumeration of error, attacks the trial court's conclusion that it was "doing business" within unincorporated DeKalb County so as to make it subject to business license taxation. We agree that the trial court erred in reaching this conclusion. Under the stipulated facts, appellant was not "doing business" within DeKalb for purposes of business license taxation.

Our conclusion on this issue is controlled by the Supreme Court's ruling in *DeKalb County v. Empire Distributors,* 229 Ga. 497 (192 SE2d 346). In the latter case, the plaintiffs in the declaratory action were beverage distributors with offices in Fulton County but no offices in DeKalb County. Orders were solicited from DeKalb customers by traveling salesmen and processed in the Fulton County offices. Deliveries were then made to the DeKalb customers, but the deliverymen were not authorized to take orders or conduct any other business in DeKalb County. The Supreme Court held that "in our view . . . the transactions carried on by the plaintiffs in DeKalb County do not constitute 'doing business' therein and the county has no authority to impose license fees upon them." Id., p. 501.

The nature of appellant's activities within unincorporated DeKalb County is not materially distinguishable from those of the plaintiffs in *Empire Distributors.* Just as the plaintiffs in *Empire Distributors* sent salesmen to DeKalb to take orders from customers

therein, appellant sends employees into DeKalb to take insurance applications. Just as the plaintiffs in *Empire Distributors* made deliveries to DeKalb customers, appellant services policies issued to DeKalb insureds. However, as *Empire Distributors* makes clear, these contacts are insufficient to constitute "doing business" for purposes of the local constitutional amendment authorizing the imposition of business license taxes. Ga. L. 1958, pp. 582-583. See also *City of Gainesville v. Ga. Crown &c. of Atlanta,* 231 Ga. 352 (201 SE2d 410); *Chicago Title Ins. Co. v. Nash,* 228 Ga. 719 (187 SE2d 662).

3. Since the stipulated facts demonstrate without genuine issue that the licensing ordinance does not apply to appellant, its constitutional challenge to the ordinance is moot. Consequently, this case does not draw into question the constitutionality of that ordinance and is not within the scope of the directive of *Collins v. State,* 239 Ga. 400, 403 (236 SE2d 759). The trial court erred in granting appellee's motion for summary judgment and in failing to grant appellant's motion for summary judgment seeking a declaration of non-liability pursuant to the licensing ordinance in question. OCGA § 9-11-56 (Code Ann. § 81A-156).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 27, 1983.

*Denmark Groover, Jr., A. Joseph Nardone, Jr.,* for appellant.
*Gail C. Flake, George P. Dillard,* for appellee.

ON MOTION FOR REHEARING.

Appellee has filed a motion for rehearing, which we have reviewed and consider to be without merit. The motion is, accordingly, denied.

Subsequent to the writing of this opinion, it has come to our attention that the Supreme Court has declared that the subject business license ordinance was repealed by implication by the Georgia Insurance Code (OCGA § 33-1-1 (Code Ann. § 56-101)). *Cotton States Mut. Ins. Co. v. DeKalb County,* 251 Ga. 309 (304 SE2d 386). This issue was raised by appellant's fifth enumeration of error and provides an additional ground mandating reversal of the trial court's order.

*Motion for rehearing denied.*